Raziye Andican, Esq.
**SMITH, CURRIE & HANCOCK LLP**
1950 Old Gallows Road, Suite 750
Tysons, Virginia 22182
Telephone: (703) 506-1990
Facsimile:  (703) 506-1140
Attorneys for Defendants

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAKET CHAUDHARI AND SATYENDRA CHAUDHARI<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW PARKER, PARKER CONSULTING SERVICES, INC., AND JOHN DOES (1-10) (representing unknown liable defendants)<br><br>Defendants. | Hon._____<br><br>Case No._____<br><br>*Civil Action*<br><br>**NOTICE OF REMOVAL & LOCAL CIVIL RULE 11.2 CERTIFICATION** |

**TO:   CHIEF JUDGE AND THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

    Shay S. Deshpande, Esq.
    FRANZBLAU DRATCH
    Plaza I
    354 Eisenhower Parkway
    Livingston, New Jersey 07039
    *Attorneys for Plaintiffs*


    Michelle M. Smith, Esq., Clerk
    The Superior Court of New Jersey
    Richard Hughes Justice Complex
    6th Floor North Wing
    Trenton, New Jersey 08625

Clerk of the Court, Law Division
Superior Court of New Jersey, Sussex County
43-47 High Street
Newton, New Jersey 07860

**HONORABLE JUDGES:**

Defendants Matthew Parker and Parker Consulting Services, Inc. (collectively "Defendants") jointly file this notice of removal of this action pursuant to 28 U.S.C. §§1332, 1441, and 1446 to the United States District Court for the District of New Jersey, and as grounds therefore shows as follows:

1.   On January 14, 2020 Plaintiffs Saket Chaudhari and Satyendra Chaudhari (collectively "Plaintiffs") filed a civil action in Superior Court of New Jersey, Sussex County, Law Division entitled *Saket Chaudhari and Satyendra Chaudhari v. Matthew Parker, Parker Consulting Services, Inc., and John Does 1-10*, Docket No.: SSX-L-000035-20 (hereinafter referred to as "State Court Action"). As required by 28 U.S.C. § 1446(a), copies of the Summons, Complaint, and Case Information Statement that were served upon Defendant Matthew Parker are attached hereto as **Exhibit A.**

2.   Defendant Matthew Parker was served the Summons and Complaint on January 16, 2020. *See* Exhibit A.

3.   Defendant Parker Consulting Services, Inc. was not served with a copy of the Summons and Complaint, but consents to the removal. "Where defendants jointly file the notice of removal, the unanimity is satisfied." *See Niblack v. Educ. & Health Centers of Am.*, No. CV 17-6318 (JLL), 2017 WL 5005988, at *1 (D.N.J. Nov. 1, 2017) (finding the notice of removal shows that the same counsel represents all Defendants and Defendants jointly filed the notice of removal).

4. The New Jersey Superior Court, Sussex County is located within the District of New Jersey. *See* 28 U.S.C. § 110. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Pursuant to 27 U.S.C. § 1446(b)(2), this Notice of Removal has been timely filed within 30 days after Defendant Matthew Parker was served with the Complaint. Parker Consulting Services, Inc., while not yet served, consents to the removal.

6. The removing Defendants do not waive, or intend to waive, any defenses they may have.

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction in all civil actions where the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between (1) citizens of different states . . . ."

8. On the face of the complaint, Plaintiffs claim damages in excess of $500,000.00. Complaint, ¶¶ 3,6.  In the removal context, "the amount in controversy is generally decided from the plaintiff's complaint." *Indep. Mach. Co. v. Int'l Tray Pads & Packaging, Inc.*, 991 F. Supp. 687, 691 (D.N.J. 1998). The amount in controversy exceeds $75,000.00.

9. As Plaintiff acknowledges in their Complaint, at the time this action was commenced, and all relevant times, Plaintiff Saket Chaudhari resides in Flanders, New Jersey. *See* Complaint ¶ 1. Plaintiff also acknowledges in their Complaint, at the time this action was commenced and all relevant times, Plaintiff Satyendra Chaudhari resides in Flanders, New Jersey. *See* Complaint ¶ 2. Thus both Plaintiffs are citizens of the state of New Jersey.

10. Plaintiffs acknowledge in their Complaint, at the time this action was commenced, and at all relevant times, Defendant Matthew Parker is a resident of Tallahassee, Florida. *See* Complaint ¶ 3. This is undisputed, and Defendant is a citizen of Florida within the meaning of 28 U.S.C. § 1332.

11. Plaintiff avers in their Complaint, at the time this action was commenced, and at all relevant times, Defendant Parker Consulting Services, Inc. is a citizen of Florida. *See* Complaint ¶ 4. This fact is undisputed and attached hereto as **Exhibit B** is a Certificate of Status from the Florida Secretary of State for Parker Consulting Services, Inc. Defendant is a citizen of Florida within the meaning of 28 U.S.C. § 1332.

12. Accordingly, there is complete diversity[1] of citizenship between the Plaintiffs and Defendants.

13. The amount in controversy is in excess of $75,000, and the parties to this action are citizens of different states. Therefore, this Court has subject matter jurisdiction and this action is removable pursuant to 28 U.S.C. § 1441(a).

**PROCEDURAL REQUIREMENTS**

14. To date, the removing Defendants have not filed responsive pleadings in Plaintiffs' State Court Action, and no other proceedings have transpired in that action.

15. The removing Defendants have not previously sought similar relief.

16. Matthew Parker, Parker Consulting Services, Inc., and the "John Doe" defendants are the only defendants in this action. "John Doe" defendants are fictitious defendants that do not

---

[1] Plaintiffs have named certain "John Doe" defendants. However, fictitious defendants do not affect the removal, as they are disregarded. 28 U.S.C. §1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

4

affect the removal. All defendants consent to the removal of this action; therefore, unanimity exists.

17. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have this day been served upon Plaintiffs, through counsel, and will be promptly filed with the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court in Sussex County, New Jersey.

18. By removing this matter, the removing Defendants do not waive, or intend to waive, any defenses they may have including, but not limited to, insufficiency of process and insufficiency of service of process and/or lack of personal jurisdiction, and reserves the right to assert all defenses herein.

**WHEREFORE,** Defendants Matthew Parker and Parker Consulting respectfully request that this action proceed in this Court as required by law.

Respectfully submitted,

**SMITH, CURRIE & HANCOCK LLP**

*s/ Raziye Andican*
Raziye Andican, Esq.
1950 Old Gallows Road, Suite 750
Tysons, Virginia 22182
Telephone: 703-506-1990
Facsimile: 703-506-1140
Email: randican@smithcurrie.com
*Attorneys for Matthew Parker and Parker Consulting Services, Inc.*

Dated: February 14, 2020

5

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

The undersigned counsel for Defendants certifies that the matter in controversy is not the subject of any other action pending in any court other than the present case in state court that is being removed and Defendants know of no other action pending in any court, or of any pending arbitration or administrative proceeding.

*s/ Raziye Andican*
Raziye Andican, Esq.

Dated: February 14, 2020

## PROOF OF SERVICE

I am over the age of 18 and not a party in this action. On this date, I served a true copy of the attached:

## NOTICE OF REMOVAL & LOCAL CIVIL RULE 11.2 CERTIFICATION

on the party listed below, via email and Overnight Delivery, sent to their attorney of record at the last known address as follows:

> Shay S. Deshpande, Esq.
> Franzblau Dratch
> A Professional Corporation
> Plaza I
> 354 Eisenhower Parkway
> Livingston, New Jersey 07039
> sdeshpande@njcounsel.com

and, via Overnight Delivery on February 18, 2020, upon

Michelle M. Smith, Esq., Clerk
The Superior Court of New Jersey
Richard J. Hughes Justice Complex
6th Floor North Wing
P.O. Box 971
Trenton, New Jersey 08625

Clerk of the Court, Law Division
Superior Court of New Jersey, Sussex County
43-47 High Street
Newton, New Jersey 07860


I declare under penalty of perjury that the foregoing is true and correct.

*s/ Raziye Andican*
Raziye Andican

Dated: February 14, 2020