Shay S. Deshpande, Esq. 041251994
FRANZBLAU DRATCH
A Professional Corporation
Plaza I
354 Eisenhower Parkway
Livingston, New Jersey 07039
(973) 992-3700
Attorneys for *Plaintiff*

| | |
|---|---|
| --X<br>Saket Chaudhari and Satyendra Chaudhari<br><br>Plaintiffs,<br><br>-against-<br><br>Matthew Parker<br>Parker Consulting Services, Inc., and John Does (1-10) (representing unknown liable defendants)<br><br>Defendants.<br>--X | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SUSSEX COUNTY<br>DOCKET NO. SSX-L-000035-20<br><br>CIVIL ACTION<br><br>**SUMMONS** |

**FROM THE STATE OF NEW JERSEY, TO THE DEFENDANT(S) NAMED ABOVE:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address

*[handwritten: #214 Tyree TS Slade 1/16/2020 5:49 pm]*



appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion ( with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgement against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

Dated December 16, 2019                    / Michelle M. Smith

                                           Clerk of the Superior Court

**Name of defendant to be served: Matthew Parker**

**Address of the Defendant to be Served: 7497 Bowling Green Drive Tallahassee, Florida 3239-6545**

Shay S. Deshpande, Esq. 041251994
FRANZBLAU DRATCH
A Professional Corporation
Plaza I
354 Eisenhower Parkway
Livingston, New Jersey 07039
(973) 992-3700
Attorneys for Plaintiffs

| | |
|---|---|
| Saket Chaudhari and Satyendra Chaudhari<br><br>Plaintiffs,<br><br>-against-<br>Matthew Parker<br>Parker Consulting Services, Inc., and John Does (1-10)(representing unknown liable defendants)<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: Sussex COUNTY<br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

FRANZBLAU DRATCH, P.C. attorneys for the plaintiffs, by way of Complaint against the defendant says:

PARTIES

1. Saket Chaudhari is the present owner of the subject property located at 20 Stillwater Road, Fredon NJ 07860 whose address is 54 Corey Road Flanders, New Jersey 07836.

2. Satyendra Chaudhari is the former owner of the subject property whose address is located at 54 Corey Road Flanders, New Jersey 07836.

3. Matthew Parker is the Defendant Engineer who made false promises, opinions and representations to the Plaintiff whose address is located at 7497 Bowling Green Drive Tallahassee, FL 32309-6545.

4. Defendant Parker Consulting Services, Inc. upon information and belief is located at 180 Miccosukee Commons Dr. Suite 206 Tallahassee, FL 32308.

{00186797 - 1}

5. Defendant John Does 1-10(unknown liable defendants).

## JURISDICTION

The subject property is located at 20 Stillwater Rad, Fredon, New Jersey 07860 and the Defendants through their actions, service, and correspondences minimum contact with the State of New Jersey. Therefore, the matter is properly venued in Sussex County.

## FACTS COMMON TO ALL COUNTS

1. Plaintiff Satyendra Chaudhari purchased the property located at 20 Stillwater Road, Fredon NJ 07860 for 55k in 2006
2. The property has a Category 1 Protected stream Paulin's kill in Fredon.
3. Plaintiffs learned that the property will require tremendous amount of engineering services to develop the plot into a residential home site.
4. Lan Engineering and associates was retained as the engineering consulting firm to perform these services.
5. The biggest hurdle and the most costly of the engineering services were to obtain New Jersey, Department of Environmental Protection ("NJDEP") Permit approvals.
6. NJDEP Permit would allow the construction near the waterways for a bridge, driveway, and a residential home.
7. On February 19, 2010, the New Jersey, Department of Environmental Protection ("NJDEP") Division of Land Use Protection issued a Permit for construction of a bridge at 20 Stillwater Road, Fredon Township, Sussex County, New Jersey. The Permit was issued to Plaintiff Satyendra Chaudhari.

{00186797 - 1}

The Permit approved a drawing made by Richard A. Wostbrock, P.E., which was described as, "'SITE DEVELOPMENT PLAN, PROPSOED RESIDENTIAL DWELLING, FOR SATYENDRA & SADHNA CHAUDHARI, BLOCK 1601, LOT 15 02, FREDON TOWNSHIP, SUSSEX COUNTY NJ' Sheet No. 1 of 1." Paragraph 5 of the STANDARD CONDITIONS provided: "**Duty to Comply:** The permittee, its contractors and subcontractors shall comply with all conditions of the permit, supporting documents and approved drawings." The permit expiration date is set to five years; February of 2015.

8. On November of 2013, a copy of the NJDEP Permits and Site Plan were furnished to Nature Bridges who served to be the general contractors to erect the contracted bridge

9. On January 23, 2014 Matthew Parker interfaces Fredon Township to assess what is needed from local ordinances to assist Nature Bridges with the initiation of construction

10. February 10, 2014 plaintiff Saket Chaudhari signed the contract with Nature Bridges to construct a 20' Linear Foot Steel Bridge on the property noted.

11. By September of 2014 the 20' foot bridge is constructed as specified in the contract.

12. September 23, 2014 Chris Guddemi, a licensed surveyor from Lan Engineering and Associates conducted a site visit and noted the possibility of the bridge being established on a different location.

13. During November 2014, Plaintiff Saket Chaudhari informed Nature Bridges that it had failed to construct the bridge per the permit and site plans. This was now following a confirmation from Chris Guddemi's site visit on September 23, 2014.

{00186797 - 1}

14. On March 2, 2015, the NJDEP issued a Notice of Violation relating to the bridge construction at 20 Stillwater Road, Fredon Township, Sussex County, New Jersey. The Notice of Violation recited a number of violations of the New Jersey Flood Hazard Area Control Act and its regulations. Brett Callanan was the NJDEP Compliance officer to have noted the following deficiencies:

- Permit is not recorded with Sussex County
- Permit is not on site
- The silt fencing is not double fenced
- Sediment barriers are incorrect to the civil engineering protocols

15. From March of 2015-April 2016, the Defendant Matthew Parker has voluntarily interfaced with various State of New Jersey Department of Environmental Protection and Enforcement Compliance officers to resolve the Notice of Violation

16. From March of 2015-April 2016, the Defendant has voluntarily interfaced with New Jersey Engineering Firm LAN Associates, Engineering, Planning, Architecture, Surveying Inc. regarding matters concerning on the Notice of Violation

17. From March of 2015-April of 2016, the defendant interfaced with plaintiff Saket Chaudhari. The plaintiff made multiple requests to Mr. Parker to provide all of all correspondence that was maintained with NJDEP.

18. Specifically on March 13, 2015 the Defendant Matthew Parker notes to Environmental Compliance Officer Brett Callanan that he is only a structural engineer and did not prepare the permit. Stated he would prepare the plans to resolve the deficiencies identified in the notice of violation.

{00186797 - 1}

19. Specifically on August 17 2015, Lan Engineering conducted the Fredon as-built survey
   a. The as-built survey depicted the bridge to be undersized. The size of the bridge required to span the floodway boundary at the approved location was 35 feet. The contracted bridge size was 20 feet.
   b. The as-built location was depicted to be 45 feet North-west of approved location.
   c. To successfully span the floodway boundary at the as-built location, a substantial larger bridge size of 60 feet would be required.
   d. A portion of the abutment is depicted to be encroaching into the stream channel
20. Specifically on December 14, 2015 Environmental Compliance Officer Kim Fialcowitz replaces Environmental Compliance Officer Brett Callanan to oversee the completion of the deficient items in the Notice of Violation.
21. Specifically, on March 16, 2016 the defendant submits invoice directly to plaintiff Saket Chaudhari for consulting Services performed with time spent on interfacing NJDEP
22. Specifically, on March 16, 2016 the defendant submits a price of $3500 to renew the two expired permits to plaintiff Saket Chaudhari
23. Specifically, on March 16, 2016 the defendant has confirmed to have furnished all correspondence to the general contractor Nature Bridges and plaintiff Saket Chaudhari
24. On April 22, 2016 plaintiff Saket Chaudhari requests a detailed invoice for the permit renewal
25. On November 22, 2016 New Jersey Compliance officer Kim Fialcowitz retires and new Compliance Officer Jilian Polentarutti becomes the replacement. An

{00186797 - 1}

email is submitted to defendant Mr. Parker asking about the status of the recording of the permit.

26. On February 21, 2018 the defendant Mr. Parker under oath testifies to:

a. Performing half a dozen bridge design or more in the state of New Jersey (page 34)

b. Performing a lot of Hurricane Sandy Work. (Hurricane Sandy was a category 3 Hurricane to lasting from October 22, 2012-November 2, 2012)

c. Claiming to have an associate engineer Zeyn Uzomon who is licensed in all 50 states (page 7)

d. With respect to the as-built bridge construction claiming not to have done the environmental permitting; so never received the permit (page 37).

e. Claiming Lan Engineering Associates were the ones who secured the permit; so they would know all of the particulars of the requirements of the permit (page 38).

f. Not sure if as-built bridge complies with the NJDEP Environmental permit (page 43).

g. States the location is going to vary like all things vary that we build versus what we propose (page 44)

h. Contacting DEP was outside of his scope with Nature Bridges (page 51)

i. The bridge consists of concrete abutments and a precast concrete deck (page 42)

j. States the contractor or owner handles the as-built survey (page 44)

k. Defendant Mr. Parker contracted with Nature Bridges to provide structural design services only (page 21)

{00186797 - 1}

l. Was not contracted to provide managerial support for the construction (page 56)

m. Engineering is very compartmentalized (page 28)

n. Believes permit documents and approved site plans only show intent (page 43)

o. Questioned Brian Green (Project manager for Nature Bridges) about the size discrepancy and was directed to design a bridge that spans 20' (pages 14, 40-41)

p. Currently has an outstanding invoice to Saket Chaudhari for work completed related to the NJDEP permit violation notice (page 51)

27. Around August of 2018 Plaintiff Saket Chaudhari realized the general contractor did not submit the as-built survey to NJDEP compliance officer. This was in addition to failing to post the permit on site as stated as one of the deficiencies in the Notice of Violation

28. During August 2018, plaintiff Saket Chaudhari provided copies of the NJDEP Permit with Site plans, and the Fredon As-built survey to Jilian Polentarutti and Armand Perez of the NJDEP,

29. NJDEP decided to conduct a secondary investigation to evaluate the as-built conditions to the approved conditions

30. October 30, 2018 upon the completion of the secondary site investigation a Secondary Notice of Violation is issued to Plaintiff and general contractor Nature Bridges identifying the following deficiencies:

a. Failure to comply with condition 2 of the Flood Hazard Area to record the permit

{00186797 - 1}

b. Failure to comply with condition 5 of the Flood Hazard Area to construct a bridge on the site with a 20' span versus the 40' span

c. Failure to comply with condition 5 of the Flood Hazard area by erecting the bridge 45' northwest to where approved

31. Around November of 2018, Plaintiff Saket Chaudhari worked with an engineering firm in New Jersey called Dynamic Engineering Consultants. From them, he was able to draw many parallels to an independent consulting firm viewing the as-built engineering specifications and DEP permits with the approved site plans for the first time. He had also learned that with a refined search he could contact the NJDEP and request information relating to any interaction between Nature Bridges or Matthew Parker and the NJDEP.

32. Plaintiff Saket Chaudhari made a request for documents relating to the construction on February 6, 2019. Plaintiff received documents on February 14, 2019, including email correspondence between Kim Fialcowitz of the NJDEP and Mr. Parker.

a. Correspondence dated March of 2016 is discovered between Defendant Matthew Parker and NJDEP Environmental Compliance Officer Kim Fialcowitz. In this significant email, Mr. Parker is the engineer on record to ensure the engineering specifications of the as-built construction is in the compliance to the engineering specifications in the approved site plans. The defendnats states and misrepresents "the bridge is already constructed and was built per the plans[.]". This was all the while Nature Bridges did not post the permits on site or provide all relevant documents to NJDEP Compliance officer including the Fredon as-built survey

{00186797 - 1}

b.   On numerous occasions during the March of 2015-April 2016 Correspondence, Plaintiff Saket Chaudhari asked Mr. Parker and Nature bridges to provide copies of all correspondence that they had with the NJDEP. Upon the continuance of the investigation efforts with NJDEP, Plaintiff Saket Chaudhari found email correspondence between Mr. Parker and NJDEP that was never provided, notwithstanding many requests by the Plaintiff for production of all documents and records.

33. **2012-2014 (Pre- Contract/Pre Construction Summary)**

34. There is no direct communication between Defendant Matthew Parker and either one of the Plaintiffs Saket Chaudhari and Plaintiff Satyendra Chaudhari with respect to the bridge contract or the engineering specification within the bridge contract. Also to note in the defendant's deposition, Mr. Parker was never on site. While the defendant is on record with NJDEP for incorrect evaluation and depiction of the as-built construction the following engineering and surveying services were furnished by Nature Bridges as a business corporation:

a.   Conducting a preliminary site investigation

b.   Determining a 20 foot sized bridge in compliance with the approved site plans based off of their review of the NJDEP Permit & site plans.

c.   Surveying the abutment layout and performing construction staking

d.   Ensuring the as-built construction is HS-20 rated

e.   Determine the as-built bridge categorically be steel bridge

{00186797 - 1}

f. Determination the as-built construction conforms to all local rules and ordinances.

35. Nature Bridges CEO April James has testified to being licensed in multi-states including New Jersey which is categorically false

36. Furthermore to note, Nature Bridges has incorrectly purported to the plaintiff the engineer utilized will be licensed in New Jersey with PE distinction

37. Furthermore to note, Nature Bridges has misrepresented references for past completed work. Nature Bridges work mostly as subcontractor's not general contractors. The accomplishments made in this time frame were exaggerated

38. Furthermore to note, Plaintiff's request to Nature Bridges to modify some of the **terms in the contract: include payment of 55k will be upon bridge installation and all permit approvals was translated into Owner agrees to pay contractor for satisfactory completion of work.**

39. Furthermore to note, **the general contractors have furnished multiple proposals with significant different scopes**

### First Count "Consumer Fraud"

1. Plaintiffs repeat and incorporate each of the allegations contained in the proceeding paragraphs of his complaint.

{00186797 - 1}

2. The actions of Defendants "unconscionable commercial practice,...fraud, etc." as set forth in N.J.S.A. 56:8-2 of the " New Jersey Consumer Fraud Act" giving rise to a right to the Plaintiff to seek not only damages, but also treble damages, reasonable attorneys' fees, filing fees and reasonable cost of suit pursuant to N.J.S.A 56:8-19.

3. Specifically, Defendants failed to act and perform the promised duties and mislead the Plaintiffs that caused Plaintiff's damages in excess of $500,000.00.

4. Defendants should be held liable under the Consumer Fraud Act and has breached the terms of the subject contract.

**WHEREFORE,** Plaintiff as a result of the Defendants' violation of the "New Jersey Consumer Fraud Act", Plaintiff seeks damages in excess together with treble damages, interest, reasonable attorney's fees, filing fees, recession of the subject contracts and reasonable cost of suit as allowed by law.

### Count Two-Breach of Contract

4. Plaintiffs repeat and incorporate each of the allegations contained in the proceeding paragraphs of his complaint

5. Defendants failed to provide the services and made false promises to the Plaintiff.

6. Defendants breached the aforesaid contracts and as a result Plaintiff suffered damages in excess of $500,000.00.

{00186797 - 1}

**WHEREFORE**, Plaintiff seeks damages, interest, reasonable attorney's fees, filing fees, recession of the subject contracts and reasonable costs of suit as allowed by law.

### Third Count-Malpractice

1. Plaintiffs incorporates by reference each and every paragraph of this Complaint as if the same were more fully set forth at length herein.

2. The plaintiff charges that Defendants were careless, reckless and negligent and deviated and departed from accepted standards of engineering practice with respect to the manner in which they rendered reports and opinions, and, as a proximate result of which, significant damage to the Plaintiff.

3. As a result of all of the defendants' departures from accepted engineering standards, the decedent was caused significant damages.

**WHEREFORE**, plaintiff demands judgment against all of the defendants for the following relief:

(a) damages;
(b) costs of suit;
(c) interest;
(d) such other relief as the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

{00186797 - 1}

Plaintiff hereby demands a trial by jury as to all issues.

### TRIAL ATTORNEY DESIGNATION

PLEASE TAKE NOTICE that Shay S. Deshpande, Esq. of the firm Franzblau Dratch, P.C., is hereby designated as Trial Counsel in the above captioned matter pursuant to Rule 4:25, et seq.

                FRANZBLAU DRATCH, P.C.

                By: *Shay S. Deshpande /s/*

                Shay S. Deshpande

DATED:   January 10, 2020

### Certification Pursuant to Rule 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

                FRANZBLAU DRATCH, P.C.

                Attorneys for Plaintiff

                By: *Shay S. Deshpande /s/*

                SHAY S. DESHPANDE

Dated:   January 11, 2020

{00186797 - 1}

## CERTIFICATION

I, Shay S. Deshpande, Esq., hereby certify that in accordance with Rule 4:5-1 this is the only action present pending other than an action venue in Florida dealing with this incident by not the parties and that no other action or arbitration is contemplated and that to plaintiffs' knowledge other than J.D. James, Inc. D/B/A. Nature Brides Florida v. Saket Chaudhari, no other persons should be joined as a party in these proceedings.

FRANZBLAU DRATCH, P.C.

By: _____
Shay S. Deshpande, Esq

January 11, 2020
{00186797 - 1}

# Civil Case Information Statement

## Case Details: SUSSEX | Civil Part Docket# L-000035-20

Case Caption: CHAUDHARI SAKET VS PARKER MATTHEW
Case Initiation Date: 01/14/2020
Attorney Name: SHAY S DESHPANDE
Firm Name: FRANZBLAU DRATCH, PC
Address: PLAZA ONE - 354 EISENHOWER PARKWAY
P.O. BOX 472
LIVINGSTON NJ 07039
Phone: 9739923700
Name of Party: PLAINTIFF : Chaudhari, Saket
Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: PROFESSIONAL MALPRACTICE
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? YES
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO
Are sexual abuse claims alleged? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/14/2020                                   /s/ SHAY S DESHPANDE
Dated                                        Signed

SSX-L-000035-20 01/14/2020 3:11:43 PM Pg 2 of 2 Trans ID: LCV202095013