Stephen N. Dratch, Esq.
**FRANZBLAU DRATCH, P.C.**
354 Eisenhower Parkway
Livingston, New Jersey 07039
sdratch@njcounsel.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAKET CHAUDHARI and SATYENDRA CHAUDHARI<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW PARKER, PARKER CONSULTING SERVICES, INC. and JOHN DOES (1-10) (representing unknown liable defendants)<br><br>Defendants. | Case No. 2:20-cv-01609-CCC-MF<br><br>*Civil Action*<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Saket Chaudhari and Satyendra Chaudhari (collectively, "Plaintiffs"), by and through their undersigned attorneys, by way of this First Amended Complaint allege as follows:

### The Parties

1. Plaintiff Saket Chaudhari is the present owner of real property located at 20 Stillwater Road, Fredon New Jersey (herafter, the "Property") and is a resident of the State of New Jersey.

2. Plaintiff Satyendra Chaudhari is the former owner of the Property and is a resident of the State of New Jersey.

3. Upn information and belief, defendant Matthew Parker ("Parker") is a resident of Florida and is a licensed engineer.

4. Upon information and belief, Parker Consulting Services, Inc. ("PCS") is a corporation organized under the laws of Florida and maintains its principal place of business in Florida. (PCS and Parker are referred to, collectively, as "Defendants").

5. Defendants John Does 1-10 are unknown potentially liable defendants.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 and Defendants have removed this action from the Superior Court of New Jersey.

7. The Court can exercise personal jurisdiction over Defendants consistent with the Fourteenth Amendment of the United States Constitution because this suit arises out of Defendants' contacts with the State of New Jersey.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims arose in this judicial district and a substantial part of the property that is the subject of this action is located in this judicial district.

### Facts Common To All Counts

9. Satyendra Chaudhari purchased the Property in or about 2006, which was later transferred to Saket Chaudhari.

10. Plaintiffs had the intention of building a residential home on the Property, but needed permit approvals from the New Jersey Department of Environmental Protection ("NJDEP"), for among other things, to construct a bridge that would cross over a protected stream. (Sometimes referred to hereafter as the "Project").

2

11. To that end, the Plaintiffs, with the assistance of an engineering firm, procured a permit from the NJDEP, effective, February 19, 2010 and expiring on February 19, 2015 and authorized the construction of a single family dwelling, septic system and a driveway with bridge. Importantly, the permit states: "**Duty to Comply:** The permitee, its contractors and subcontractors shall comply with all the conditions of the permit, supporting documents and approved drawings."

12. Effective February 3, 2014, entered into a contract with JD James, Inc. d/b/a Nature Bridges ("Nature Bridges") to act as general contractor for the construction of twelve by twenty foot free span steel bridge with a concrete deck for a contract price of $55,000.00.

13. Nature Bridges subcontracted with PCS to provide engineering services in connection with the construction of the bridge. As Nature Bridges' Project Manager put it, Parker "designs the bridge and makes sure that it meets all the requirements" including "to find out what permits are required for the bridge." PCS's name and logo appears on a document entitled Bridge Construction Plans, dated March 2014.

14. During the course of the Project, Parker would communicate regularly with Plaintiffs and individuals at the NJDEP. In addition, according to Nature Bridges' Project Manager, Parker traveled to the construction site on at least one occasion. On information and belief, however, Parker is not licensed in the State of New Jersey.

15. On March 2 2015, the NJDEP issued a Notice of Violation that included four violations that were within the purview of the responsibilities of PCS and Parker, which included:

    a. Failure to record the Project permit in the Office of the County Clerk;

    b. Failure to maintain a copy of the Project permit at the Project site at all times;

3

    c. The improper installation and maintenance of sediment barriers; and

    d. Failure to place double-silt fencing along the Project site.

16. At this point, Parker maintained continuous contact with the NJDEP to, as he would put in an email to Plaintiffs dated March 16, 2016, "try and close out the permit on your project." Parker invoiced Plaintiffs $750.00 for the work done to that point and stated that "[w]e can complete the application to get the two expired NJDEP permits reinstated for $3,500."

17. On October 30, 2018 the NJDEP issued another Notice of Violation with respect to the Project. This time, the violations were far more serious, and essentially led to the Project having been a completely wasted effort.

18. Specifically, the Notice of Violation cited another failure to submit a proof of recording of the Permit. More importantly, the NJDEP determined that the bridge, as constructed did not comply with the plans it had approved when issuing the Permit, because, according to the notice, "it was determined that the bridge constructed on the site has a span of 20' across the stream channel while the site plan approved by the permit depicts a 40' span." And, more egregiously, the notice of violation stated that the bridge was actually constructed in the wrong spot, in that "it was determined that the bridge constructed on the site was located approximately 45' north west of the location depicted on the approved site plan."

19. Naturally, the duty to ensure the bridge was designed and constructed in a manner that complied with the plans approved by the NJDEP came under the purview of Defendants who, as described above, were responsible for "design[ing] the bridge and mak[ing] sure that it meets all the requirements" including "to find out what permits are required for the bridge."

20. Plaintiffs have suffered damages as a result of the Defendants' faulty work including, but not limited, the money they spent to construct a worthless bridge, the cost of

constructing a new bridge that complies with NJDEP directives and the loss of enjoyment of the Property as there is currently no means of ingress and egress.

## COUNT I
## (Professional Malpractice)

21. Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

22. As a professional engineer, Parker was required to exercise skill and knowledge normally possessed by members of that profession when Parker undertook responsibility for the design of the bridge and concomitant compliance requirements in connection with the Project.

23. Parker breached this duty by, among other things, designing a bridge that did not meet certain vital specification set forth in the plans approved by the NJDEP as set forth above.

24. As a result of the breaches of his professional duties, Plaintiffs have been damaged in an amount to be determined at trial, but in any event no less than $500,000.00.

## COUNT II
## (Negligence)

25. Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

26. Parker had a duty to ensure that the design of the bridge complied with the plans approved by the NJDEP.

27. Parker breached that duty by, among other things, designing a bridge that did not meet certain vital specification set forth in the plans approved by the NJDEP as set forth above.

28. As a result of the breaches of his professional duties, Plaintiffs have been damaged in an amount to be determined at trial, but in any event no less than $500,000.00.

## COUNT III
### (Breach of Contract)

29. Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

30. Defendants established a direct contractual relationship with Plaintiffs by sending the March 16, 2016 email and invoice.

31. By virtue of their course of conduct, that direct contractual relationship imposed an obligation on Defendants to design a bridge that Plaintiffs could actually use, which, at a minimum required compliance with the plans approved by the NJDEP.

32. Defendants breached this duty by, among other things, designing a bridge that did not meet certain vital specification set forth in the plans approved by the NJDEP as set forth above.

33. As a result of the breaches of his professional duties, Plaintiffs have been damaged in an amount to be determined at trial, but in any event no less than $500,000.00.

## COUNT IV
### (Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.)

34. Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

35. The actions of Defendants set forth above involved the use of an: "unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission" as set forth in N.J.S.A. 56:8-2.

36. The acts and/or omissions of Defendants caused Plaintiffs to sustain an ascertainable pecuniary loss by virtue of the money they spent to construct a worthless bridge,

the cost of constructing a new bridge that complies with NJDEP directives and the loss of enjoyment of the Property as there is currently no means of ingress and egress.

37. Defendants are not exempt from the Consumer Fraud Act because they are not licensed in this State.

38. As a result of the foregoing violations of the Consumer Fraud Act, Plaintiffs have been damaged in an amount to be determined at trial, but in any event no less than $500,000.00.

## COUNT V
### (Respondeat Superior/Vicarious Liability)

39. Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

40. To the extent that liability is sought and imposed on Parker, that liability should extend to PCS as all actions and omissions of Parker set forth herein were done in the scope of his employment with PCS.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court grant the following relief:

A. Award damages in an amount to be proven at trial, but in an amount of no less than $500,000.00;

B. Treble damages pursuant to the New Jersey Consumer Fraud Act;

C. Punitive damages;

D. Attorneys' fees and costs;

E. Prejudgment and postjudgment interest; and

F. Such other and further relief as the Court deems just, equitable and proper.

Dated: April 6, 2020                      Respectfully submitted,

                                         /s/ Stephen N. Dratch
                                         Stephen N. Dratch, Esq.
                                         FRANZBLAU DRATCH, P.C.
                                         354 Eisenhower Parkway
                                         Livingston, New Jersey 07039
                                         sdratch@njcounsel.com
                                         *Attorneys for Plaintiffs*

## JURY DEMAND

       Pursautn to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: April 6, 2020                      Respectfully submitted,

                                         /s/ Stephen N. Dratch
                                         Stephen N. Dratch, Esq.
                                         FRANZBLAU DRATCH, P.C.
                                         354 Eisenhower Parkway
                                         Livingston, New Jersey 07039
                                         sdratch@njcounsel.com
                                         *Attorneys for Plaintiffs*

## CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

Pursuant to Local Rule 11.2, Plaintiffs certify that this matter is not the subject of any action pending in any other court or any arbitration. Notwithstanding the foregoing, and even though Plaintiffs contend it is not covered under Local Rule 11.2, Plaintiffs state that Saket Chaudhari was the defendant-counterclaim plaintiff in a suit captioned *J.D. James, Inc. d/b/a Nature Bridges v. Saket Chaudhari*, Case No. 17000162CA in the Circuit Court of the Second Judicial District for Jefferson County, Florida, which suit is the subject of Defendants' res judicata defense asserted in their motion to dismiss the original complaint.

Dated: April 6, 2020               Respectfully submitted,

/s/ Stephen N. Dratch
Stephen N. Dratch, Esq.
FRANZBLAU DRATCH, P.C.
354 Eisenhower Parkway
Livingston, New Jersey 07039
sdratch@njcounsel.com
*Attorneys for Plaintiffs*

9