Raziye Andican, Esq.
**SMITH, CURRIE & HANCOCK LLP**
1950 Old Gallows Road, Suite 750
Tysons, Virginia 22182
Telephone: 703.506.1990
Facsimile:  703.506.1140
randican@smithcurrie.com
*Attorney for Defendants Matthew Parker*
*and Parker Consulting Services, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAKET CHAUDHARI AND SATYENDRA CHAUDHARI <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW PARKER, PARKER CONSULTING SERVICES, INC., AND JOHN DOES (1-10) (representing unknown liable defendants) <br><br> Defendants. | Case No. 2:20-cv-01609-CCC-MF <br><br><br> *Civil Action* |

## <u>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>

Raziye Andican, Esq.
**SMITH, CURRIE & HANCOCK LLP**
1950 Old Gallows Road, Suite 750
Tysons, Virginia 22182
Telephone: 703-506-1990
Facsimile: 703-506-1140
Email: randican@smithcurrie.com
*Attorneys for Matthew Parker and Parker*
*Consulting Services, Inc.*

**Table of Contents**

TABLE OF AUTHORITIES ....................................................................................... iii

INTRODUCTION .................................................................................................. 6

PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ........................................... 9

  I.   Standard of Review .................................................................................. 9

  II.  Plaintiffs' Amended Complaint Must Be Dismissed for Failure to State a Claim. ......... 10

    A.   Plaintiffs' Amended Complaint is Barred by Res Judicata. ......................................... 10

      1.   Identity of the Cause of Action .............................................................. 14

      2.   Identity of the Thing Sued For ............................................................... 16

      3.   Identity of the Parties .......................................................................... 18

      4.   Identity of Quality of the Person for or Against Whom the Claim Is Made ........... 18

  III.  Plaintiffs Fail to State Claims Upon Which Relief Can Be Granted ........................... 19

    A.   Plaintiffs' Failure to State a Claim for Malpractice and Negligence. ........................... 20

    B.   Plaintiffs' Breach of Contract Claim Must be Dismissed because Plaintiffs Have Failed to Sufficiently Allege Breach of Contract. ........................................................ 22

    C.   Count One Fails to State Claim Under the New Jersey Consumer Fraud Act ............. 24

CONCLUSION.................................................................................................... 26

## **TABLE OF AUTHORITIES**

### **Cases**

*AMEC Civil, LLC v. Fla. Dep't. of Trans.*, 41 So. 3d 235 (Fla. Dist. Ct. App. 2010) ................ 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................... 9, 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................... 9, 14

*Broadway Maintenance Corp. v. Rutgers*, 90 N.J. 253 (1982) ..................................... 16

*Carvalho v. Toll Bros. and Developers*, 143 N.J. 565 (N.J.1996) ................................ 15

*Daaleman v. Elizabethtown Gas Co.*, 77 N.J. 267 (1978) ........................................... 17

*Endre v. Arnold*, 300 N.J.Super. 136 (App.Div.1997) ................................................. 15

*Erie Railroad v. Tompkins*, 304 U.S. 64 (1938) ........................................................... 9

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) ....................... 10

*Finderne Mgtmt. Co. v. Barrett*, 402 N.J. Super 546 (App. Div. 2008) ....................... 18

*Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101 (Fla. 2001) ..................................... 11

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ...................................... 9, 15

*Francis E. Parker Mem'l Home, Inc. v.*
*Georgia-Pacific LLC*, 945 F. Supp. 2d 543 (D.N.J. 2013) .......................................... 17

*Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007) ............................................. 17

*Gen. Star Nat'l Ins. Co. v. Liberty Mutual Ins. Co.*, 960 F.2d 377 (3d Cir. 1992) ........ 9

*Globe Motor Co. v. Igdalev*, 139 A.3d 57 (N.J. 2016) ............................................... 17

*Gomez-Ortega v. Dorten, Inc.,* 670 So. 2d 1107 (Fla. Dist. Ct. App. 1996) ............... 11

*Gordon v. Gordon*, 59 So. 2d 40 (Fla. 1952) ........................................................... 12

*Hay v. Salisbury*, 109 So. 617 (Fla. 1926) ................................................................ 14

*Hoffman v. Hampshire Labs, Inc.*, 405 N.J. Super. 105 (2009) .................................. 21

*Kimbrell v. Paige*, 448 So.2d 1009, (Fla.1984) ................................................................ 12, 17

*Kuehn v. Pub Zone*, 364 N.J.Super. 301 (App.Div.2003) ................................................ 18

*Martin K. Eby Construction Co. v.*
*Jacobs Civil, Inc.*, 2006 WL 1881359 (M.D.Fla. July 6, 2006) ...................................... 14

*Nice Sys. Ltd. Sec. Litig.*, 135 F.Supp.2d 551(D.N.J. 2001) .......................................... 20

*Optica, Inc. v. Metro Pub. Adjustment, Inc.*, CIV.A. 03-5065,
2005 WL 1719134 (D.N.J. July 21, 2005 ...................................................................... 19

*People's Express Airlines Inc. v. Consolidated Rail.*, 100 N.J. 246 (N.J.1985) ............ 18

*Petrillo v. Bachenberg*, 139 N.J. 472, 655 A.2d 1354 (N.J.1995) ................................... 18

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ........................................... 9

*Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, (3d Cir. 2002) .......................................... 9

*Piper Aircraft Corp.*, 244 F.3d 1289 (11th Cir. 2001) ..................................................... 15

*Princeton Healthcare Sys. v.*
*Netsmart New York, Inc.*, 422 N.J. Super. 467 (App. Div. 2011) ................................. 21

*Radle v. Allstate Ins. Co.*, 758 F.Supp. 1464 (M.D.Fla.1991) ........................................ 17

*Ross v. Lowitz*, 222 N.J. 494 (2015) ................................................................................ 20

*Russell v. A&L Dev't, Inc.*, 273 So. 2d 439 (Fla. 3d DCA 1973) ................................... 17

*Ryocline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883 (3d Cir. 1997) ......................... 10

*S. Cross Overseas Agencies, Inc. v.*
*Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410 (3d Cir. 1999) ..................................... 10

*Saadeh v. Stanton Rowing Foundation, Inc.*, 912 So. 2d 28 (Fla. 1st DCA 2005) ......... 14

*Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542 (3d Cir. 2006) ....................... 11

*Wade v. Clower*, 114 So. 548 (Fla. 1927) ........................................................................ 12

*Youngblood v. Taylor*, 89 So. 2d 503, 505 (Fla. 1956) .................................................... 12

**Statutes**

N.J.S.A. § 56:8-1...................................................................................................... 22

N.J.S.A. 56:8-2........................................................................................................ 23

**Rules**

Fed. R. Civ. P. 12(b)(6)…………………………………………………………...6, 9, 10, 19

Local Civil Rule 11.2………………………………………………………………………7

Raziye Andican, Esq.
**SMITH, CURRIE & HANCOCK LLP**
1950 Old Gallows Road, Suite 750
Tysons, Virginia 22182
Telephone: 703.506.1990
Facsimile:  703.506.1140
randican@smithcurrie.com
*Attorney for Defendants Matthew Parker*
*and Parker Consulting Services, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SAKET CHAUDHARI AND SATYENDRA CHAUDHARI | Case No. 2:20-cv-01609-CCC-MF |
| Plaintiffs, | |
| v. | *Civil Action* |
| MATTHEW PARKER, PARKER CONSULTING SERVICES, INC., AND JOHN DOES (1-10) (representing unknown liable defendants) | **MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS** |
| Defendants. | |

Defendants Matthew Parker and Parker Consulting Services, Inc. (collectively "Defendants")

submit this brief in support of their Motion to Dismiss the Amended Complaint ("Amended

Complaint") for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).

## **INTRODUCTION**

Plaintiffs initially filed this action in state court. Defendants removed this action to this

Court, and moved to dismiss the initial Complaint. Plaintiffs have now filed an Amended

Complaint, but this filing does not and cannot correct the major underlying defect with Plaintiffs'

claims: they are barred by a prior adjudication on the merits under the principles of res judicata.

Plaintiffs' claims in the Amended Complaint arise from the same facts and circumstances

previously determined adversely to Plaintiff Saket Chaudhari in prior litigation between Plaintiff Saket Chaudhari and J.D. James, Inc., d/b/a Nature Bridges ("Nature Bridges") relating to the construction of a bridge located at 20 Stillwater Road, Fredon, New Jersey (the "Project"). As with Plaintiffs' initial complaint in this case, here too Plaintiffs concede the existence of this prior litigation in their Amended Complaint,[1] under the Certification pursuant to Local Civil Rule 11.2, "Plaintiffs state that Saket Chaudhari was the defendant-counterclaim plaintiff in a suit captioned *J.D. James, Inc. d/b/a Nature Bridges v. Saket Chaudhari*, Case No. 17000163CA in the Circuit Court of the Second Judicial District for Jefferson County, Florida." The case referenced by Plaintiffs in the Amended Complaint involved Nature Bridges filing a complaint against Plaintiff Saket Chaudhari for breach of contract for nonpayment. ("Florida Lawsuit"). Plaintiff Saket Chaudhari filed a Counterclaim in the Florida Lawsuit, alleging that Nature Bridges' work on the Project breached the contract and claimed damages arising from the performance of the Project, specifically on the basis that the bridge was the wrong size and the wrong location. *See* Exhibit A (Counterclaim), ¶¶ 34-35. A certified copy of Plaintiff Saket Chaudhari's Counterclaim is attached as **Exhibit "A."** After a five day jury trial in the Florida Lawsuit,[2] Nature Bridges obtained a Final Judgment in its favor against Plaintiff Saket Chaudhari. A certified copy of the Final Judgment in Nature Bridges' favor is attached hereto as **Exhibit "B."** The court in the Florida Lawsuit subsequently entered a Supplemental Final Judgment for attorneys' fees and costs in favor of Nature Bridges, a certified copy of which is attached hereto as **Exhibit "C."**

In the Amended Complaint in this case, Plaintiffs allege the existence of and performance of the contract for the Project by Nature Bridges. *See* Am. Compl., ¶ 12. As discussed more fully

---

[1] In the initial complaint, the Plaintiffs referenced the deposition of Mr. Parker from the Florida Lawsuit. *See* Doc. No. 1 (Exhibit A, Original Complaint at ¶¶ 26(a)-(p)).
[2] *See* Exhibit C, p. 4.

below, Plaintiffs' Amended Complaint sets forth essentially the same facts and circumstances alleged in Plaintiff Saket Chaudhari's Counterclaim in the Florida Lawsuit. Despite a Final Judgment entered against Plaintiff Saket Chaudhari in the Florida Lawsuit, Plaintiffs continue to allege the same failures of performance on the Project by Nature Bridges, but this time including new Defendants. Plaintiffs allege in the Complaint that Nature Bridge subcontracted with Defendants to provide engineering services for the Project, Am. Compl., ¶ 13, but fail to allege the existence of any contractual agreement between either Plaintiff or any Defendant. Having failed to prove a breach of contract on the Project as to Nature Bridges in the Florida Lawsuit, Plaintiffs now assert a claim against Nature Bridges' structural engineer for the Project.

The present lawsuit constitutes an impermissible "second bite at the apple" by the Plaintiffs to re-litigate claims arising out of the Project that they already had a full and fair opportunity to litigate in the Florida Lawsuit. Plaintiffs could have brought claims they may have had against Defendants in the Florida Lawsuit as the alleged events stem from the same transaction and occurrence: the construction Project where Plaintiff Saket Chaudhari contracted with Nature Bridges to construct a bridge. However, Plaintiff Saket Chaudhari simply chose not to and now wants to re-litigate the same claim in the hopes of obtaining a different result. As Plaintiffs are fully aware, that contract and the Project have been litigated to final judgment in the Florida Lawsuit, barring the instant Amended Complaint.

In addition to being barred by res judicata, none of the counts presented in the Amended Complaint state a claim on which relief can be based. Count I and Count II purport to assert a claim against the Defendants for professional malpractice or negligence, but Defendants are not even alleged to have been engaged for services by either Plaintiff and no duty is alleged. Count III of the Amended Complaint asserts breach of contract but fails to plead the requisite elements for

8

a breach of contract claim under New Jersey law.  Count IV purports to assert a claim for consumer fraud under the New Jersey Consumer Fraud Act; however, as a matter of law the Act only applies to consumer-type transactions involving the sale of merchandise or real estate to the public at large, neither of which is alleged here. The Amended Complaint is due to be dismissed.

## PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### I.      Standard of Review

Federal courts sitting in diversity apply state law to substantive issues and federal law to procedural issues. *Erie Railroad v. Tompkins*, 304 U.S. 64, 78 (1938); *see also Gen. Star Nat'l Ins. Co. v. Liberty Mutual Ins. Co.*, 960 F.2d 377, 379 (3d Cir. 1992). The Court should apply New Jersey law for substantive arguments, except for Defendants' res judicata argument,[3] and federal law for procedural arguments. A court considering a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (*quoting Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, the idea "that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009), the Third Circuit directed a two-part analysis of a complaint in a motion to dismiss. First, the district court should

---

[3] As set forth *infra* the res judicata analysis utilized the law of the state in which the prior judgment was entered, in this instance, Florida law.

separate the factual elements from the legal conclusions, accepting well-pled facts as true, but ignoring legal conclusions. *Id.* Second, the district court to determine if those well-pled facts as alleged "are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 566 U.S. at 679). Plaintiffs' amended complaint sets forth few "well-pled facts" and even when taken as a whole, the amended complaint fails to plead a plausible claim for relief against either Defendant. Additionally, Plaintiffs fail to distinguish between each other in any meaningful way, or explain why Plaintiff Satyendra Chaudhari is a proper plaintiff that had any involvement with the Project, except that he "purchased the Property in or about 2006, which was later transferred to Saket Chaudhari." Am. Compl., ¶ 9. In addition, Plaintiff Satyendra Chaudhari is referred to as "former owner of the Property," and his right to sue the Defendants is unclear. Am. Compl., ¶ 2.

## II.   Plaintiffs' Amended Complaint Must Be Dismissed for Failure to State a Claim.

### A.   Plaintiffs' Amended Complaint is Barred by Res Judicata.

A federal court must give full faith and credit to a final state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). Specifically, the Third Circuit has explained that the affirmative defense of res judicata may be raised in a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) if the application of res judicata is apparent on the face of the complaint. *Ryocline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). The Third Circuit also notes that

> "[t]o resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations of the complaint. Specifically, on a motion to dismiss, we may take judicial notice of another court's opinion- not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (citations omitted).

In deciding whether res judicata applies, courts look to state law in which the judgment was rendered to determine what effect to give the state-court judgments. *See Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006). As conceded by Plaintiffs in their Amended Complaint, there was another lawsuit captioned *J.D. James, Inc. d/b/a Nature Bridges v. Saket Chaudhari*, Case No. 17000163CA in the Circuit Court of the Second Judicial District for Jefferson County, Florida. The Final Judgment in the Florida Lawsuit arose from a determination of facts arising from the same transaction or occurrence that is being alleged by Plaintiffs here: the bridge construction Project at a certain property in Fredon, New Jersey. Thus, Florida law on res judicata applies to the preclusive effect of the judgments in the Florida Lawsuit.

Under Florida law, res judicata is premised on the concept "that a final judgment by a court of competent jurisdiction is absolute and puts to rest every justiciable, as well as actually litigated, issue." *Gomez-Ortega v. Dorten, Inc.,* 670 So. 2d 1107, 1108 (Fla. Dist. Ct. App. 1996). In determining whether a claim is barred by res judicata, courts look not only to the claims that were actually litigated in the first suit, but also to "every other matter which the parties might have litigated and had determined, within the issues as framed by the pleadings or as incident to or essentially connected with the subject matter of the first litigation." *AMEC Civil, LLC v. Fla. Dep't. of Trans.*, 41 So. 3d 235, 239 (Fla. Dist. Ct. App. 2010). In other words, res judicata bars not only issues that were raised, but also those issues that could have been raised and determined in the first action, whether they were actually raised or not. *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001). A judgment on the merits is conclusive "not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with

11

propriety have been litigated and determined in that action." *Kimbrell v. Paige*, 448 So.2d 1009,

1012 (Fla.1984). The Florida Supreme Court has said that the doctrine "is founded upon the sound

proposition that there should be an end to litigation and that... every justiciable controversy should

be settled in one action in order that the courts and the parties will not be pothered [sic] for the

same cause by interminable litigation." *Gordon v. Gordon*, 59 So. 2d 40, 44 (Fla. 1952).

The Florida Supreme Court has consistently set forth the following general statement of

the doctrine of res judicata:

> A judgment on the merits rendered in a former suit between the same parties or
> their privies, upon the same cause of action, by a court of competent jurisdiction, is
> conclusive not only as to every matter which was offered and received to sustain or
> defeat the claim, but as to every other matter which might with propriety have been
> litigated and determined in that action.

*Kimbrell*, 448 So. 2d at 1012 (*quoting Wade v. Clower*, 114 So. 548 (Fla. 1927)); *see also*

*Youngblood v. Taylor*, 89 So. 2d 503, 505 (Fla. 1956).

Here, there is a prior judgment on the merits entered in the Florida Lawsuit. In the Florida

Lawsuit, the Plaintiff here, Saket Chaudhari, was a defendant in an action brought by Nature

Bridges. On February 14, 2017, the Plaintiff here, Saket Chaudhari, filed a Counterclaim against

Nature Bridges alleging breach of contract in the Florida Lawsuit. Plaintiff Saket Chaudhari's

Counterclaim against Nature Bridges in the Florida Lawsuit contains almost identical allegations

to those set forth in Plaintiffs' Amended Complaint in this case. Specifically, the Counterclaim

that was tried in a five-day jury trial resulting in a judgment against Plaintiff Chaudhari alleged:

that Plaintiff Saket Chaudhari entered into a contract with Nature Bridges for the design and

construction of a bridge in New Jersey, Exhibit A (Counterclaim), ¶ 33; that Saket Chaudhari

obtained a New Jersey Department of Environmental Protection ("NJDEP") permit for such

bridge, which included a Site Development Plan developed by a New Jersey Engineering firm

hired by Saket Chaudhari, *id.* at ¶ 31; that the bridge built by Nature Bridges was a different size than that shown in the permit, *id.* at ¶ 34; that the bridge built by Nature Bridges was in a different location than shown in the permit, *id.* at ¶ 35; that the NJDEP issued a Notice of Violation, *id.* at ¶¶ 36-37; that Nature Bridges breached the contract for the Project, *id.* at ¶¶ 39-47, by failing to, *inter alia*, comply with the NJDEP permit or Site Development Plan, *id.* at ¶ 41, or correct the NJDEP Notice of Violation, *id.* at ¶ 42; and that Saket Chaudhari incurred damages as a result of the alleged failures of Nature Bridges on the Project. *Id.* at ¶ 48. A Florida jury heard these claims over the course of a five-day jury trial and found against Saket Chaudhari on these claims. *See* Exhibit B (Final Judgment).

The Counterclaim allegations are repeated almost identically in the instant Amended Complaint. Specifically, Plaintiffs allege in the Amended Complaint that Plaintiffs entered into a contract with Nature Bridges to construct a bridge for the Project, Am. Compl., ¶ 10; that Plaintiffs obtained a permit from NJDEP as well as a Site Development Plan developed by a New Jersey Engineering Firm, *id.* at ¶ 11; that the bridge built by Nature Bridges was a different size than that shown in the permit, *id. at* ¶ 18; that the bridge built by Nature Bridges was in a different location than shown in the permit, *id.*; that the NJDEP issued a Notice of Violation, *id.*; that Nature Bridges failed to perform the Project by failing to, *inter alia*, comply with the NJDEP permit or Site Development Plan, *id.* at ¶ 19; and that Plaintiffs suffered damages because of Defendants' alleged faulty work that it cost Plaintiffs to build the "worthless bridge, the cost of constructing the new bridge that complies with NJDEP directives and the loss of enjoyment of the Property." *Id.* at ¶ 20. The only real distinction between the Florida Lawsuit and the instant Amended Complaint is that here, the Plaintiffs allege that *Defendants*, not Nature Bridges, are responsible. Although Plaintiffs allege claims denominated as "Consumer Fraud" and "Malpractice" and "Negligence"

13

against Defendants, these claims all arise out of the same facts and transaction: the Project performed by Nature Bridges under its contract with Plaintiff Saket Chaudhari.

Res judicata applies if the required elements are present and the doctrine is properly applied to a prior final judgment on the merits. *See id.* The elements of res judicata in Florida refer to common "identities" between the prior litigation and the current litigation: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the claim is made. *See id.* All four identities are present here, and Plaintiffs' claims are barred. While Defendants disagree that Plaintiffs have any valid claims, even if such claims existed, Plaintiffs' time for bringing such claims would have been in the Florida Lawsuit as such claims could have and should have been brought then under Florida law. The Final Judgment in the Florida Lawsuit precludes the current Amended Complaint.

### 1.    Identity of the Cause of Action

In determining whether there is identity of the cause of action, Florida courts apply a transactional approach, comparing the facts underlying each cause of action. *Saadeh v. Stanton Rowing Found., Inc.*, 912 So. 2d 28, 31 (Fla. 1st DCA 2005). Florida Supreme Court precedent instructs courts to look not only to the claims actually raised in the first action, "but also at every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings or as incident to or essentially connected with the subject matter of the [first] litigation." *Hay v. Salisbury*, 109 So. 617, 621 (Fla. 1926) (emphasis added).

Federal courts in Florida have utilized the same standard in determining the identity of causes of action for purposes of res judicata. *See Martin K. Eby Construction Co. v. Jacobs Civil, Inc.*, 2006 WL 1881359 at *10 (M.D.Fla. July 6, 2006) (applying Florida law) ("claims are part of the same cause of action for res judicata purposes when they arise out of the same transaction or

series of transactions") (*quoting In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296-97 (11th Cir. 2001)). It is the substance of the claims, not the form, that must be reviewed:

> In determining whether the causes of action for res judicata are the same, a court must compare the substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same "claim" or "cause of action" for purposes of res judicata.

> Res judicata precludes claims that could have been brought in the earlier litigation. Thus, res judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact. A court, therefore, must examine the factual issues that must be resolved in the second suit and compare them with the issues explored in the first case.

*Eby*, 2006 WL 1881359 at *10 (internal quotations and citations omitted). As set forth above, the factual allegations in Plaintiff Saket Chaudhari's Counterclaim in the Florida Lawsuit and the instant Amended Complaint all revolve around the same "operative nucleus of fact:" the Project for construction of a bridge on property in New Jersey, allegations of improper bridge location and size, allegations of the NJDEP Notice of Violation, and Plaintiffs' allegations of damages associated with the Project. In the Florida Lawsuit, Plaintiff Saket Chaudhari claimed a breach of the contract between Plaintiff Saket Chaudhari and Nature Bridges, and in the instant Amended Complaint Plaintiffs again allege a breach of contract, only this time Plaintiffs allege a breach of contract and torts by Defendants. *See* Am. Compl., ¶¶ 29-33. Plaintiffs seek to retry the breach of contract action previously litigated with Nature Bridges, but this time with Nature Bridges' structural engineer. This is the same cause of action previously tried to a final, conclusive judgment in the Florida Lawsuit.

Plaintiffs also seek to recast claims arising from the construction project as also sounding in tort, *see* Am. Compl., ¶¶ 21-24 (Count I – Professional Malpractice), ¶¶ 25-28 (Count II - Negligence), or ¶¶34-38 (Count IV- Consumer Fraud), but these distinctions are immaterial. In

analyzing the application of res judicata, the court must review the underlying facts and circumstances upon which the claims in the separate actions are grounds, not the legal theory articulated. See *Eby*, 2006 WL 1881359 at *11-13 (the mere recasting and relabeling of claims as different legal theories, such as from contract to tort, and against different defendants, does not preclude application of res judicata).

The operative nucleus of fact in the Florida Lawsuit included Plaintiff Saket Chaudhari's claims arising out of the Project, including claims that the bridge was the wrong size and wrong location, as against the contractor, Nature Bridges. According to the Amended Complaint, Defendants were subcontracted by Nature Bridges for the work on the Project for Nature Bridges. Am. Compl., ¶ 13. Plaintiff Saket Chaudhari was fully aware of Defendants at the time of the Florida Lawsuit, and Plaintiffs even referenced deposition transcript citations from the deposition of Defendant Matthew Parker in the original Complaint filed in this action. *See* Doc. No. 1 (Exhibit A, Original Complaint at ¶¶ 26(a)-(p)). In the Florida Lawsuit, Plaintiff Saket Chaudhari litigated the same operative nucleus of facts as alleged in the Amended Complaint, and could have joined Defendants in the Florida Lawsuit if there was a valid claim, but failed to do so. All of the facts and circumstances alleged in the Amended Complaint took place prior to final judgment in the Florida Lawsuit, and therefore could have, and should have, if they had merit, been litigated there. This is an impermissible attempt to re-litigate the claims in the Florida Lawsuit that have already been determined to finality. There is an identity of the cause of action under Florida law.

### 2.     Identity of the Thing Sued For

As to the identity of the thing sued for, Plaintiffs' Amended Complaint asserts the same thing as in the Florida Lawsuit, monetary damages arising out of the Project and the contract

between Plaintiff Saket Chaudhari and Nature Bridges. But now, having lost the Florida Lawsuit, these monetary damages are being sought against the Defendants. *Compare* Am. Compl., ¶ 20 (seeking damages including the money spent to construct a "worthless bridge" and the cost of constructing "a new bridge"); *with* Exhibit A, ¶ 40 (Plaintiff Saket Chaudhari's Counterclaim in the Florida Lawsuit alleging breach by Nature Bridges for failing "to construct and/or complete a bridge for [Saket Chaudhari] that can be utilized for any meaningful, useful or intended purpose."). The claimed money damages in the various counts of the Amended Complaint seek "an amount to be determined at trial, but in any event no less than $500,000.00." *See* Am. Compl., ¶¶ 24,33,38. In the Florida Lawsuit, Plaintiff Saket Chaudhari claimed "close to a $1 million in damages" against Nature Bridges in his Counterclaim. *See* Exhibit C, p. 5. The mere fact that a party seeks a greater or lesser relief to that requested in a prior suit does not preclude a finding that "the thing sued for" is essentially the same, particularly where the cause of action is substantially the same in the current action and the prior action. *Russell v. A&L Dev't, Inc.*, 273 So. 2d 439, 440 (Fla. 3d DCA 1973), *cert. denied*, 279 So. 2d 308 (Fla. 1973) ("the fact that a different measure of relief is sought does not preclude the application of the prior judgment to estop the maintenance of a second action. If the claim or cause of action is substantially the same in both actions, it is not material that the relief demanded is in some manner different"). The minor distinction between Plaintiff Saket Chaudhari's claim of "close to a $1 million in damages" against Nature Bridges in his Counterclaim in the Florida Lawsuit, *see* Exhibit C, p. 5, and Plaintiffs' claim of "damages in excess of $500,000" in Count One, *see* Am. Compl., ¶ 24, Count Two, *see id.* at ¶ 28, Count Three, *see id.* at ¶ 33, and Count Four, *see id.* at ¶ 38 is immaterial because both seek money damages and the claim and cause of action are substantially similar.

17

### 3.    Identity of the Parties

The Florida Lawsuit was between Plaintiff Saket Chaudhari and Nature Bridges. Plaintiffs'
Amended Complaint alleges that Defendants had a contract with Nature Bridges. *See* Am. Compl.,
¶ 13. Thus, based on Plaintiffs' own allegations, Defendants were in contractual privity with
Nature Bridges, a party to the Florida Lawsuit. Under Florida law, "[a] judgment on the merits
rendered in a former suit between the same parties *or their privies*, upon the same cause of action,
by a court of competent jurisdiction, is conclusive...." *Kimbrell*, 448 So.2d at 1012 (emphasis
added). For purposes of a res judicata analysis using Florida law, "privies" includes those who are
in privity of contract. *Radle v. Allstate Ins. Co.*, 758 F.Supp. 1464, 1467 (M.D.Fla.1991) ("Privity
is a mutuality of interest, an identification of interest of one person with another, *and includes privity
of contract*, the connection or relationship which exists between contracting parties.") (emphasis
added). Here, based on Plaintiffs' own allegations, Defendants were in contractual privity with
Nature Bridges, a party in the Florida Lawsuit, and therefore there is identity of the parties in this
litigation and in the Florida Lawsuit.

### 4.    Identity of Quality of the Person for or Against Whom the Claim Is Made

The fourth identity involves showing an identity of the quality or capacity of the person for
or against whom a claim is made. The test to determine whether this identity is met has been
explained as "whether the [parties to the first action] had the incentive to adequately litigate the
claims in the same character or capacity as would the parties to the [second] action." *Radle*, 758
F. Supp. at 1468. In *Radle*, the court concluded that this test was met because "[p]laintiffs sued the
same defendants, *or those in privity with them*, for the same relief on substantially the same claims,
arising from the same incident." (emphasis added). This is the same situation presented here.
Plaintiffs have sued Defendants, who are alleged to be in privity with Nature Bridges, for the same

relief on substantially the same claims, arising from the same Project, and in fact, the same contract. This identity is present here between the instant action and the Florida Lawsuit.

Based on the foregoing, Plaintiffs' entire claim should be dismissed as it is barred under the doctrine of res judicata. The allegations made herein are either the same as those actually presented and litigated in the Florida Lawsuit (breach of contract) or could have and should have been raised in the Florida Lawsuit. Both this lawsuit and the Florida Lawsuit all involve the same nucleus of operative facts, the Project for construction of a bridge in Fredon, New Jersey. All four identities are present and under Florida law res judicata bars this action and it must be dismissed. *See Great Western Min. & Mineral Co. v. ADR Options, Inc.*, 882 F. Supp.2d 749, 765 (D.N.J. 2012) (barring Plaintiff's claims under res judicata, collateral estoppel, and entire controversy doctrine and preventing Plaintiff "plaug[ing] numerous courts with the same or similar allegations for more than a decade.").

## III.    Plaintiffs Fail to State Claims Upon Which Relief Can Be Granted

Even if Plaintiffs' claims were not barred by res judicata, Plaintiffs have failed to state claims upon which relief can be granted. A Rule 12(b)(6) motion shall be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (citations omitted). "The United Supreme Court's opinion in *Ashcroft v. Iqbal* extends the reach of *Bell Atl. Corp. v. Twombly*, instructing that all civil complaints must contain 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 556 U.S. at 677). The Third Circuit's two-part analysis in *Fowler* discussed above is nearly impossible to apply to Plaintiffs' case because the facts are not "well-pled" and the Plaintiffs have failed to show a "plausible claim for relief." *Id.* at 211 (quoting *Iqbal*, 566 U.S. at 679).

### A.     Plaintiffs' Failure to State a Claim for Malpractice and Negligence.

Count One of the Amended Complaint for Professional Malpractice and Count Two for Negligence are similar causes of action. The elements of Professional Malpractice and Negligence are based on tort law. Under New Jersey law, three elements that show the existence of a negligence action are the following: (1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach. *Endre v. Arnold*, 300 N.J.Super. 136 (App.Div.1997) (citation omitted). To determine if a duty exists is a question of law for the court. *Petrillo v. Bachenberg*, 139 N.J. 472, 655 A.2d 1354, 1357 (N.J.1995) (citations omitted). The factors to consider in determining whether a duty exists include the foreseeability of harm, fairness, and public policy. *Carvalho v. Toll Bros. and Developers*, 143 N.J. 565, 675 A.2d 209, 212 (N.J.1996). Foreseeability as it impacts duty determinations refers to:

> [t]he knowledge of the risk of injury to be apprehended. The risk reasonably to be perceived defines the duty to be obeyed; it is the risk reasonably within the range of apprehension, of injury to another person, that is taken into account in determining the existence of the duty to exercise care.

*Kuehn v. Pub Zone*, 364 N.J.Super. 301, 835 A.2d 692, 698 (App.Div.2003). The final element of negligence is damages, which is limited to actual physical injury to a person or property.

New Jersey, however, rejects a per se "economic loss" doctrine and creates exceptions to the rule when the plaintiffs are reasonably foreseeable, the injury is directly and proximately caused by defendant's negligence, and liability can be limited fairly. *People's Express Airlines Inc. v. Consolidated Rail.*, 100 N.J. 246, 495 A.2d 107, 109 (N.J.1985). To recover for an economic loss from a negligence claim for furnishing a service, a "direct contractual relationship between the parties" must exist or the injured party must be a known "beneficiary of the defendant's undertaking." *Optica, Inc. v. Metro Pub. Adjustment, Inc.*, CIV.A. 03-5065, 2005 WL 1719134, at *16 (D.N.J. July 21, 2005) (citations omitted).

Plaintiffs failed to allege the elements of a negligence claim against the Defendants. Plaintiffs fail to assert any direct contractual agreement whereby either Defendant was to provide any services, much less engineering services, to either Plaintiff.[4] There has to be a "direct contractual relationship between the parties" to recover for an economic loss from a negligence claim for furnishing a service. *Optica, Inc.*, 2005 WL 1719134, at *16. (citations omitted). Plaintiffs do not allege any other source of a duty to Plaintiffs, by contract or otherwise. Instead, the amended complaint alleges Nature Bridges subcontracted with Defendant Parker Consulting Services for the Project, with any duties or responsibilities flowing to Nature Bridges, not to the Plaintiffs.[5] *See* Am. Compl., ¶ 13.

The injury or damages claimed to have been suffered by Plaintiffs is a blanket assertion of $500,000 and no assertion of any physical injury to persons or physical damage to property. There is no allegation as to how the $500,000 claim was proximately caused by any breach of duty by either Defendant. The last element of negligence regarding damages "have traditionally been limited to actual physical injury to persons or property." *Optica, Inc.*, 2005 WL 1719134, at *16. No physical injury to persons or property has been alleged in the Amended Complaint. The allegations in the Amended Complaint do not conform to the required elements for malpractice and negligence should be dismissed.

---

[4] Although Plaintiffs claim the invoice is a contract, as set forth below, they have failed to plead the existence of a contract.

[5] Plaintiffs do not allege anything within the alleged contract between Nature Bridges and Defendants that would indicate any third party beneficiary status. *See Ross v. Lowitz*, 222 N.J. 494, 514 (2015) ("It is a fundamental premise of contract law that a third party is deemed to be a beneficiary of a contract only if the contracting parties so intended when they entered into their agreement."); *see also Broadway Maintenance Corp. v. Rutgers*, 90 N.J. 253, 259-60 (1982) (explaining the intent of the contracting parties is the critical issue in determining whether a third party is a beneficiary with contractual standing).

**B.    Plaintiffs' Breach of Contract Claim Must be Dismissed because Plaintiffs Have Failed to Sufficiently Allege Breach of Contract.**

To state claim for breach of contract in New Jersey, the plaintiff must establish the following: (1) a valid contract "containing certain terms," (2) that plaintiff "did what the contract required them to do," (3) defendant's breach of the contract, and (4) damages resulting from that breach. *See Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016) (citations omitted); *see also Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (affirming dismissal of breach of contract claim for failure to allege facts to support second, third, or fourth elements of breach of contract claim). A plaintiff cannot meet the burden of establishing the elements by merely making conclusory allegations. *See In re Nice Sys. Ltd. Sec. Litig.*, 135 F.Supp.2d 551, 565 (D.N.J. 2001).

Plaintiffs allege in a conclusory fashion that "Defendants established a direct contractual relationship with Plaintiffs by sending the March 16, 2016 email and invoice." Am. Compl., ¶ 30. In order for a valid contract to exist, a plaintiff must show mutual assent, consideration, the legality of the contract's object, the capacity of the parties, and the formulation of memorialization. *See Cohn v. Fisher*, 118 N.J. Super. 286, 291 (1972). Defendant Parker Consulting Services was subcontracted by Nature Bridges (a non-party to this case). Am. Compl., ¶ 13. Plaintiff Saket Chaudhari had a contract with Nature Bridges (a non-party to this case). *Id.* at ¶ 12. Plaintiffs allege that "Parker invoiced Plaintiffs $750.00 for the work done to that point and stated that "'[w]e can complete the application get the two expired NJDEP permits reinstated for $3,500.'" *Id.* at ¶ 16. None of these allegations present mutual agreement, consideration, or even any type of "coming together" to form a memorialization of an agreement between these parties. Even if the invoice was to present some type of contractual arrangement, it is invalid for lack of consideration. "Consideration is a bargained-for exchange of promises or performance that may consist of an act, a forbearance, or the creation, modification, or destruction of a legal relation. In general, contracts

22

are enforceable only if they are supported by consideration." *Sipko v. Koger, Inc.*, 214 N.J. 364, 380 (2013) (citations omitted). Any reliance on this invoice as a basis for the existence of a contract is contradicted by the lack of consideration for either party to enter into the agreement as it is not alleged whether Plaintiffs agreed to the invoice or paid Defendants the $750.00 for the work it completed.

Even if the invoice could be considered a "contract," Plaintiffs have failed to allege breach or damages arising from the breach of the invoice. Instead, the allegations contradictorily assert breach and damages not associated with the invoice, but rather the design of the bridge that occurred years before. The allegations that Defendants "breached this duty by, among other things, designing a bridge that did not meet any certain vital specification set forth in the plans approved by the NJDEP as set forth above" is not supported by the facts alleged in the Amended Complaint. *See* Am. Compl., ¶ 32. Even if the invoice could be considered a "contract," the alleged terms of the invoice dated March 16, 2016, *see* Am. Compl., ¶ 16, was for the close out of permitting, but makes no mention of any duties relating to the design of the bridge that was completed years prior to the alleged invoice *See* Am. Compl., ¶ 13 (alleging Bridge Construction Plans with "PCS's name and logo" dated March 2014). Thus, Plaintiffs' claim, an invoice from March 2016 for $750.00 to close out permitting is a contract, and that the contract was breached two years earlier in March 2014 when the design was prepared. This illogical theory is further contradicted by Plaintiffs' own allegations that the Defendants had a direct contractual relationship with Nature Bridges, **not** the Plaintiffs for any alleged work completed on the designing of the bridge. (emphasis added). *See* Am. Compl., ¶ 13. Plaintiffs have further failed to allege damages arising from the alleged breach of an invoice, in that the damages claimed are associated with the design

of the bridge, not the closing out of a permit. *See* Am. Compl., ¶¶ 16, 30. Plaintiffs have failed to state a claim for breach of contract.

**C.**     **Count One Fails to State Claim Under the New Jersey Consumer Fraud Act**

Plaintiffs' Fourth Count purports to be brought under the New Jersey Consumer Fraud Act (the "Act"), N.J.S.A. § 56:8-1 *et seq.*, but the Act is applicable to merchandise or real estate transactions only, neither of which is alleged here. With certainty, this claim will never set forth a basis for relief under the facts alleged. The Act created in 1960 "is aimed basically at unlawful sales and advertising practices designed to induce consumers to purchase merchandise or real estate." *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pacific LLC*, 945 F. Supp. 2d 543 (D.N.J. 2013) (quoting *Daaleman v. Elizabethtown Gas Co.*, 77 N.J. 267, 270 (1978)). The purpose of the Act is to protect consumers from fraudulent and deceptive practice pertaining to the sale of merchandise and goods. *See Elizabethtown Gas Co.*, 77 N.J. at 271.

In this case, Plaintiffs fail to and cannot allege any sale of goods or merchandise. In fact, the Amended Complaint cites to N.J.S.A. 56:8-2, and provides a partial quote from the statute. The section actually states as follows:

> The act, use or employment by an person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, **in connection with the sale or advertisement of any merchandise or real estate**, or with the subsequent performance of such person as aforesaid, whether or not any person in fact has been misled, deceived or damaged thereby, is declared to be an unlawful practice. . . ."

N.J.S.A. 56:8-2 (emphasis added). Plaintiffs notably omit the part of the statute that says "in connection with the sale or advertisement of any merchandise or real estate," in quoting from the statute in Paragraph 35 of the Amended Complaint. In *Princeton Healthcare Sys. v. Netsmart New York, Inc.*, 422 N.J. Super. 467, 473 (App. Div. 2011), the court confirmed that the Act only applies

24

to the sales of "real estate" and "sales of merchandise." (citing N.J.S.A. 56:8-2). Under the Act, the term "merchandise" is defined as including "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale." *Id.* (quoting N.J.S.A. 56:8-1(c)). In addition, the court observed that "[w]e have previously indicated that 'the public,' as used in this definition of 'merchandise,' refers to 'the public at large.'" *Id.* (citing *Finderne Mgtmt. Co. v. Barrett*, 402 N.J. Super 546, 570 (App. Div. 2008)). Plaintiffs do not, nor can they allege, that Defendants sold any real estate or merchandise in this case. Therefore, Plaintiffs are incapable of setting forth any set of facts under which this claim can set forth a basis for relief.

Furthermore, not only do Plaintiffs fail to identify the existence of any consumer purchase of merchandise or real estate between Plaintiffs and either defendant, Plaintiffs do not allege with any specificity the "acts and/or omissions of Defendants caused Plaintiffs to sustain an ascertainable pecuniary loss by virtue of the money spent they spent to construct a worthless bridge," and instead simply set forth a general allegation. *See* Compl., ¶ 36. A plaintiff suing under the Consumer Fraud Act must show that there was a causal relationship between the unlawful practice and the ascertainable loss sustained by the plaintiff. Plaintiffs have not pled with specificity as to why the Defendants' alleged actions would be applicable under the Act. *See Hoffman v. Hampshire Labs, Inc.*, 405 N.J. Super. 105, 853 (App. Div. 2009) ("Because a claim under the CFA is essentially a fraud claim, the rule requires that such claims be pled with specificity to the extent practicable."). Therefore, Plaintiffs' Consumer Fraud Claim fails in its entirety as the allegations in the Amended Complaint do not rise to a claim that would fall under the protections of the Act and the claim should be dismissed.

## <u>CONCLUSION</u>

For all the reasons stated above, Defendants respectfully request that this Court dismiss

Plaintiffs' Amended Complaint in its entirety and grant such other relief as is just and proper.

Respectfully submitted,

**SMITH, CURRIE & HANCOCK LLP**

*s/ Raziye Andican*
Raziye Andican, Esq.
1950 Old Gallows Road, Suite 750
Tysons, Virginia 22182
Telephone: 703-506-1990
Facsimile: 703-506-1140
Email: randican@smithcurrie.com
*Attorneys for Matthew Parker and Parker*
*Consulting Services, Inc.*

Dated: June 4, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2020, a copy of the foregoing Motion to Dismiss was filed

electronically through the Court's electronic system to the following:

Stephen N. Dratch, Esq.
Franzblau Dratch
A Professional Corporation
Plaza I
354 Eisenhower Parkway
Livingston, New Jersey 07039
sdratch@njcounsel.com

*s/ Raziye Andican*
Raziye Andican, Esq.
SMITH, CURRIE & HANCOCK LLP
1950 Old Gallows Road, Suite 750
Tysons, Virginia 22182
Telephone: 703-506-1990
Facsimile: 703-506-1140
Email: randican@smithcurrie.com

Dated: June 4, 2020