**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAKET CHAUDHARI, *et al.*, <br><br> Plaintiffs. <br><br> v. <br><br> MATTHEW PARKER, *et al.*, <br><br> Defendants. | Civil Action No.: 20-1609 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion to dismiss filed by Matthew Parker ("Parker") and Parker Consulting Services, Inc. ("Parker Consulting", together with Parker, "Defendants"). ECF No. 9. Plaintiffs Saket Chaudhari ("Saket") and Satyendra Chaudhari ("Satyendra", together with Saket, "Plaintiffs") filed a brief in opposition (ECF No. 10) and Defendants replied in support of their motion (ECF No. 11). The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion to dismiss is **GRANTED**.

II. **BACKGROUND**

This action arises out of the failed construction of a bridge on a residential property in Fredon, New Jersey. ECF No. 8 at 2. Plaintiffs originally filed suit in New Jersey State Court, but on February 14, 2020, Defendants removed this matter from the Superior Court of New Jersey, Sussex County. ECF No. 1. Defendants thereafter moved to dismiss the complaint on March 6, 2020. ECF No. 4. On April 6, 2020, Plaintiffs filed an amended complaint (the "Amended Complaint"). ECF No. 8. The Amended Complaint alleges that Plaintiffs intended to build a

residential home on a property in Fredon, New Jersey and were required to build a bridge over a stream in order to build on the property. Id. at 2.  In February 2014, Plaintiffs contracted with JD James, Inc. d/b/a/ Nature Bridges ("Nature Bridges") to act as general contractors of the bridge for $55,000. Id. at 3.  Nature Bridges subcontracted with Defendants to provide engineering services in connection with building the bridge. Id.  On March 2, 2015, the New Jersey Department of Environmental Protection ("NJDEP") issued a notice of violation for issues with the bridge construction, including failure to record a permit, failure to maintain a copy of the permit at the project site, improper installation of sediment barriers, and failure to place double-silt fencing along the site. Id. at 3–4.  Defendants attempted to correct these issued with NJDEP, but on October 30, 2018 the NJDEP issued a more serious notice of violation which found that the bridge was not constructed in accordance with the plans submitted to obtain a permit and could not be used. Id. at 4.

Plaintiffs allege that they have "suffered damages as a result of the Defendants' faulty work including, but not limited [to], the money they spent to construct a worthless bridge, the cost of constructing a new bridge that complies with NJDEP directives and the loss of enjoyment of the Property as there is currently no means of ingress and egress." Id. at 4–5.  The Amended Complaint asserts counts of professional malpractice, negligence, breach of contract, and violation of the New Jersey Consumer Fraud Act ("NJCFA"). Id. at 5–6.[1]

Defendants' motion to dismiss argues that the instant suit is barred under the doctrine of res judicata as Nature Bridges filed suit against Saket in Florida State Court (the "Florida Action") over non-payment, Saket asserted a counterclaim in that action alleging that Nature Bridges

---

[1] While the Amended Complaint contains a count titled "Respondeat Superior/Vicarious Liability" (ECF No. 8 at 7), neither party addresses this count in their briefing and the Court notes that this is a theory of liability rather than a cognizable cause of action. *See Rowan v. City of Bayonne*, 474 F. App'x 875, 870 n.3 (3d Cir. 2012) ("[T]he doctrine of respondeat superior does not provide an independent cause of action under New Jersey law.").

breached its contract by failing to properly build the bridge, and a jury found in favor of Nature Bridges in all respects. ECF No. 9-1 at 7–8.  Defendants further argue that, irrespective of res judicata, the Amended Complaint is inadequately pleaded because "none of the counts presented in the Amended Complaint state a claim on which relief can based." Id. at 8.  Defendants assert that the negligence and malpractice claims fail because Defendants were not hired by Plaintiffs and did not owe them a duty, the breach of contract claim fails because there was no contract between the parties, and the NJCFA claim fails because that statute only applies to consumer transactions involving the sale of real estate or merchandise to the public at large and exempts certain professionals. Id. at 8–9; ECF No. 11 at 11.

Plaintiffs respond that res judicata does not bar this action because Defendants were not a party to the Florida Action and are not in privity with Nature Bridges. ECF No. 10 at 1.  Plaintiffs further argue that Amended Complaint is adequately pleaded because Defendants' negligence and malpractice led to foreseeable economic damages, there was a direct contractual relationship between the parties for the breach of contract claim, and the New Jersey Consumer Fraud Act applies to Defendants' non-New Jersey licensed engineering services done to improve real property. Id. at 1–2.

### III.     DISCUSSION

#### A. Res Judicata

The parties agree that Florida law applies to the Court's res judicata analysis because the prior judgment was issued there. ECF No. 9-1 at 11; ECF No. 10 at 6; se*e also Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006).  Under Florida law, res judicata "bars a subsequent lawsuit when there is: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the claim is made." *AMEC Civil, LLC v. Fla. Dep't. of Trans.*, 41 So. 3d 235, 239–40 (Fla. Dist.

Ct. App. 2010). For purposes of res judicata, "privity is a mutuality of interest, an identification of interest of one person with another, and includes privity of contract, the connection or relationship which exists between contracting parties." *Radle v. Allstate Ins. Co.*, 758 F. Supp. 1464, 1467 (M.D. Fla. 1991). Res Judicata operates to bar claims that were previously litigated and also "claims that could have been raised in the former proceeding." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, No. 10-21107, 2012 WL 12844302, at *13 (internal citations and quotation marks omitted) (S.D. Fla. Aug. 6, 2012).

      The Court finds that res judicata bars the present litigation as all four factors are met here. While Plaintiffs' argument against the application of res judicata focuses on the identity of parties prong, the court will analyze all four factors. As to the first factor, the identity of the thing sued for, it is the same in the Florida Action and the present matter. This is evident because Saket's counterclaim in the Florida Action and Plaintiffs' Amended Complaint both seek to recover monetary damages for the improper construction of the bridge on the Fredon, New Jersey Property. In the Florida Action, for instance, Saket's counterclaim asserted that "[Nature Bridges] breached the Agreement by failing to construct and/or complete a bridge for [Saket] that can be utilized in any meaningful, useful, and/or intended purpose." ECF No. 9-2 at 3. Similarly, here in the Amended Complaint Plaintiffs allege that they "have suffered damages as a result of the Defendants' faulty work including, but not limited [to], the money they spent to construct a worthless bridge." ECF No. 8 at 4–5. As both the Florida Action counterclaim and this action were brought for the same thing, monetary damages for a faulty bridge, the first res judicata factor is met.

      The second factor, the identity of the cause of action, is also met because both the Florida Action counterclaim and the Amended Complaint here are based on damages stemming from the construction of a non-compliant bridge on Plaintiffs' property. *See QBE Ins. Corp.*, 2012 WL

12844302, at *13 (internal citations and quotation marks omitted) (S.D. Fla. Aug. 6, 2012) ("Identity of causes of action is not defined by the relief sought. Rather, it is defined by similarity of the facts essential to the maintenance of both actions."). Plaintiffs' Amended Complaint arises from the same set of facts that were the basis of the Florida Action and is thus barred as it raises claims which were brought and could have been brought in the Florida Action. *Id.* (internal citations and quotation marks omitted) ("[R]es judicata applies not only to claims that were litigated in the prior proceeding, but also to claims that could have been raised in the former proceeding.").

The third factor, identity of the parties, is also met here. Under Florida's privity analysis, where parties are in a contractual relationship that directly involves the services or goods at issue in the litigation, privity exists for purposes of res judicata. *See Radle*, 758 F. Supp. at 1467 ("The identity of parties is the next element necessary to establish res judicata effect. The doctrine is effective as to the parties and to those in privity with a party. . . . Privity is a mutuality of interest, an identification of interest of one person with another, and includes privity of contract, the connection or relationship which exists between contracting parties.").

Here, Defendants and Nature Bridges are parties in privity because they contracted with one another to build the bridge that Plaintiffs have filed claims over in this matter and Saket filed a counterclaim over in the Florida Action. *See AMEC Civil, LLC v. PTG Const. Servs. Co.*, 106 So. 3d 455, 456 (Fla. Dist. Ct. App. 2012) (internal citations and quotation marks omitted) ("As to the identity of the parties, we conclude that there is an identity of the parties here because appellees are privies of the Florida Department of Transportation. . . . A privy is one who is identified with the litigant in interest."); *see also Pensacola Executive House Condominium Ass'n*, Inc., 581 So.2d 1301 (Fla.1991) citing (*Baskerville–Donovan Engineers, Inc. v. Pensacola Executive House Condominium Ass'n, Inc.*, 581 So.2d 1301 (Fla. 1991)) ("In a legal context, the term 'privity' is a

5

word of art derived from the common law of contracts and used to describe the relationship of persons who are parties to a contract.").

Plaintiffs' arguments to the contrary are not convincing. Plaintiffs have not pointed to any caselaw stating that a contractual relationship is inadequate to establish privity for res judicata. Instead, Plaintiffs rely on cases which provide a fact-specific inquiry to determine whether privity exists. Plaintiffs first cite to *Couch Construction Company v. Florida Department of Transportation*, 537 So. 2d 631 (Fla. 1st DCA 1989) for the proposition that there is "no identity of parties between contractor and subcontractor on [a] public works project" for purposes of res judicata. ECF No. 10 at 6. The Court in *Couch Construction Company* did not address privity at all, however, and instead found that the fourth res judicata factor (identities of the quality or capacity of the person for whom the claim is made) was not met. 537 So. 2d at 632. The Court found "it is clear that there is no identity of the quality or capacity of the person for whom the claim is made in this suit and the earlier one . . . . The first suit was brought by [plaintiff], seeking redress only for its own damages. The second suit was filed pursuant to its contract obligations for the exclusive benefit of [plaintiff's subcontractor], seeking redress only for [plaintiff's subcontractor's] damages."). *Id.* That decision is accordingly of little value to the Court's analysis of privity between Defendants and Nature Bridges here.

Plaintiffs also cite to *Dunmore v. Eagle Motor Lines*, 560 So. 2d 1261 (Fla. 1st DCA 1990) and argue that this decision supports a lack of privity in this case. ECF No. 10 at 6. In *Dunmore*, the Court found that there is "no privity between lessee of truck and truck owner for purposes of res judicata analysis." 560 So. 2d at 1263. *Dunmore's* privity analysis was limited to one paragraph, however, and does not announce a blanket rule regarding contractual relationships and privity. Instead, the Court in *Dunmore* simply stated that "[t]he pleadings do not charge and the record does not establish a relationship between Eagle and the Pitts defendants showing the

6

requisite privity or identity of persons or capacity, or that the liability of Eagle is in the same right or derivative of the Pitts defendants. Rather, the record establishes that the Pitts's relationship is more properly characterized as that of independent contractor." *Dunmore*, 560 So. 2d at 1263. Here, in contrast, the allegations in the Amended Complaint and the record before the Court establish a clear contractual relationship between Nature Bridges and Defendant that covered designing and building the same allegedly improper bridge that was at the center of the Florida Action and this lawsuit.

In sum, there is little question that, even absent a contractual relationship, a mutuality of interest exists between Nature Bridges and Defendants with respect to Plaintiffs' suits for monetary damages stemming from the failed bridge that Nature Bridges and Defendant jointly designed and built. *See Wildflower, LLC v. St. Johns River Water Mgmt. Dist.*, 179 So. 3d 369, 374 (Fla. Dist. Ct. App. 2015) ("Res judicata binds the parties in the former action and their privies. . . . A privy is one who is identified with the litigant in interest."). The third res judicata factor is thus present.[2]

The fourth factor, identity of the quality in the person for or against whom the claim is made, is also present here. The test for this factor is "whether the state court parties had the incentive to adequately litigate the claims in the same character or capacity as would the parties to the federal action." *Radle*, 758 F. Supp. at 1468. Saket and Nature Bridges had strong incentives to litigate this issue in the Florida Action and did so vigorously as Saket's counterclaim in the

---

[2] The Court notes that numerous courts in other jurisdictions have found that privity exists between a contractor and sub-contractor for purposes of res judicata. *See Girolametti v. Michael Horton Assocs., Inc.*, 332 Conn. 67, 79 (2019) (collecting cases that apply "at least a presumption that subcontractors are in privity with a general contractor for purposes of res judicata" from Connecticut, California, Texas, Massachusetts, Missouri, New York, and Rhode Island); *Crosson v. Carrollton City Sch. Dist.*, No. 19-184, 2020 WL 6106628, at *5 (N.D. Ga. May 28, 2020) (finding subcontractor and contractor "undoubtedly in privity" for purposes of res judicata and barring subsequent litigation). While these decisions are not binding upon the Court, they provide assurance that barring Plaintiffs' claims is not an inequitable use of the res judicata doctrine.

Florida Action sought to recover close to a million dollars for the allegedly faulty bridge on the property. ECF No. 9-4 at 5.

As all four factors required to apply res judicata under Florida law are present, the Court finds that Plaintiffs' claims in this matter are barred and must be dismissed. Defendants also assert that, even absent res judicata, all of Plaintiffs' claims must be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. While these arguments may have merit, the Court need not reach these issues as it finds the Amended Complaint is barred under the doctrine of res judicata. *See Del Priore v. Sabo*, No. 19-17806, 2020 WL 1485895, at *8 n.6 (D.N.J. Mar. 27, 2020) ("Because I dismiss this case on . . . res judicata grounds, I need not reach defendant's argument that the Amended Complaint fails to sufficiently state a claim."); *Albert v. Specialized Loan Servicing, LLC*, No. 19-074, 2020 WL 865435, at *9 n.7 (D.N.J. Feb. 14, 2020) ("Because [New Jersey's res judicata doctrine] bars Plaintiff's claims, I need not reach the additional arguments raised in [defendant]'s Motion.").

## IV. <u>CONCLUSION</u>

For the reasons discussed above, the motion to dismiss (ECF No. 9) is granted. An appropriate Order accompanies this Opinion.

**DATED:** January 29, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**CLAIRE C. CECCHI, U.S.D.J.**