**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAKET CHAUDHARI AND SATYENDRA CHAUDHARI, | Case No. 2:20-cv-01609-CCC-JSA |
| Plaintiffs, | Electronically Filed |
| v. | **STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| MATTHEW PARKER, PARKER CONSULTING SERVICES, INC., AND JOHN DOES (1-10)(representing unknown liable defendants), | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 56.1, Defendants Matthew

Parker and Parker Consulting Services, Inc., submit that the following are material

facts to which there does not exist a genuine issue:[1]

1.      Plaintiffs Saket Chaudhari and Satyendra Chaudhari ("Plaintiffs") have

filed the instant matter against Defendants Matthew Parker and Parker Consulting

Services, Inc. ("Defendants") arising from the design and construction of a

_____

[1] Defendants' Statement of Material Facts not in Dispute is referred to herein as "SOF".

residential bridge in Fredon, New Jersey ("Property").  <u>See</u> ECF No. 1, Ex. A and

No. 8.[2]

2.      Plaintiff Satyendra Chaudhari purchased the Property in or about 2006

and subsequently transferred ownership to Saket Chaudhari. <u>See</u> ECF No. 8,

("Amended Complaint"), ¶ 9.  He is also identified as the "former owner" of the

Property and therefore has not current ownership interest in the Property.  <u>Id</u>., ¶ 2.

3.      In or around February 2010, Plaintiffs procured a permit from the New

Jersey Department of Environmental Protection ("NJDEP") for, among other things,

to construct a bridge on the Property ("NJDEP Permit").  <u>Id</u>., ¶ 11.

4.      The NJDEP Permit was issued to Satyendra Chaudhari.

5.      The NJDEP Permit had an expiration date of February 19, 2015. <u>See</u>

Amended Complaint, ¶ 11.

6.      On or around February 3, 2014, Saket Chaudhari contracted with JD

James, Inc., d/b/a Nature Bridges ("Nature Bridges") for the construction of 12' x

20' bridge on the Property ("Project").   <u>See</u> Amended Complaint, ¶ 12.

7.      The bridge dimensions identified for the Project in the contract with

Nature Bridges were different from those identified in Plaintiffs' NJDEP Permit.

<u>Id</u>., ¶ 18.

---

[2] ECF No." refers to the docket number entry for this action, Civil Action Number
2:20-cv-01609.

8.      After entering into its contract with Saket Chaudhari, Nature Bridges subcontracted with Defendant Parker Consulting Services, Inc. ("PCS"), to provide engineering services in connection with the Project.  See Amended Complaint, ¶ 13.

9.      Plaintiffs allege that Nature Bridges expected that Defendants, as its subcontractor, would design the bridge and make sure that it meets all the requirements, including determining what permits are required for the bridge. Id.

10.     On March 2, 2015, the NJDEP issued a Notice of Violation to Satyendra Chaudhari that identified four violations.  Id., ¶ 15.

11.     Plaintiffs allege that a second NJDEP Notice of Violation was issued concerning the Project on October 30, 2018.  Id., ¶ 17.

12.     Plaintiffs allege that Defendants had a duty to ensure that the bridge was designed and constructed in a manner that complied with the plans approved by the NDJEP. Id., ¶ 19.

13.     Plaintiffs allege that they have suffered damages as a result of Defendants' faulty work, including, but not limited to, the money they spent to construct a worthless bridge, the cost of constructing a new bridge that complies with NJDEP directives and the loss of enjoyment of the Property. Id., ¶ 20.

14.     In 2017, Nature Bridges filed a lawsuit against Saket Chaudhari in the Circuit Court for the Second Judicial District of Jefferson County, Florida, captioned J.D. James, Inc. d/b/a Nature Bridges v. Saket Chaudhari and assigned Case No.

17000163CA ("Florida Action"). Saket Chaudhari further filed a Counterclaim in the Florida Action against Nature Bridges.  See Certification of Andrew C. Sayles dated June 2, 2023 ("Sayles Cert."), Ex. A ("Counterclaim"); see also Amended Complaint, Local Civil Rule 11.2 Certification, p. 9.

15.     The Counterclaim alleged that Saket Chaudhari entered into a contract with Nature Bridges for the design and construction of a bridge in New Jersey.  See Counterclaim, p. 2, ¶ 33.

16.     The Counterclaim alleged that Saket Chaudhari obtained a New Jersey NJDEP Permit for such bridge, which included a Site Development Plan developed by a New Jersey Engineering firm, LAN Associates, hired by Saket Chaudhari.  Id., ¶ 31.

17.     The Counterclaim alleged that the bridge built by Nature Bridges was a different size than that shown in the permit Id., ¶ 34.

18.     The Counterclaim alleged that the bridge built by Nature Bridges was in a different location than shown in the permit.  Id., ¶ 35.

19.     The Counterclaim alleged that the NJDEP issued a Notice of Violation to Plaintiff.  Id., ¶¶36-37.

20.     The Counterclaim alleged that Nature Bridges breached its contract with Saket Chaudhari.  Id., ¶¶ 40 - 47.

4

21.     The Counterclaim alleged that Nature Bridges failed to construct a bridge that conformed and complied with all applicable laws, ordinances and rules. Id., ¶ 39.

22.     The Counterclaim alleged that Nature Bridges failed to construct and/or complete a bridge for Saket Chaudhari that could be used in any meaningful, useful and/or intended purposes.  Id., ¶ 40.

23.     The Counterclaim alleged that Nature Bridges failed to construct a bridge that complied with the requirements of the permits and Site Development Plan obtained by Saket Chaudhari.  Id., ¶ 41.

24.     The Counterclaim alleged that Nature Bridges failed to satisfy and/or correct any construction defect, noncompliance and/or failed to make any remedial or corrective measures necessary to satisfy the contract and the requirements of law. Id., ¶ 42.

25.     The Counterclaim alleged that Nature Bridges failed to review, analyze, check and/or observe the requirements of the NJDEP Permit and associated Site Development Plan.  Id., ¶ 44.

26.     The Counterclaim alleged Nature Bridges failed to provide sufficiently competent representatives to oversee the Project.  Id., ¶ 47.

27.     The Counterclaim alleged that Saket Chaudhari incurred damages as a result of the alleged failures of Nature Bridges on the Project. Id., ¶48.

28. The Court in the Florida Action stated that Saket Chaudhari sought "close to [] $1 million in damages" through his Counterclaim and affirmative defenses therein. See Sayles Cert., Ex. C, p. 5.

29. Defendant Matthew Parker was deposed by counsel for Saket Chaudhari in the Florida Action. See Sayles Cert., Ex. E.

30. At this deposition, Mr. Parker was questioned concerning his design of the bridge, its foundation, the anticipated means and methods of construction and how Nature Bridges and Plaintiffs intended the Project to proceed. Id., e.g., 11:11-25.

31. Mr. Parker testified that he was provided with a one-page drawing from the site development engineer, LAN Associates, depicting a bridge size and location and the observed that the drawing was different from the directions he received from Nature Bridges. Id., 13:14-18; 14:2-4.

32. Mr. Parker testified that he discussed the differences between the drawings and what Nature Bridges instructed him to design with Brian Green of Nature Bridges and was told that Saket Chaudhari had requested a change. Id., 14:7-12.

33. Mr. Parker was advised by Brian Green that the bridge originally proposed in the site plan "wouldn't work in the place that it was originally located … so it had to be located somewhere else. Id., 17:02-13.

6

34.     Mr. Parker was instructed by Nature Bridges that Saket Chaudhari requested a 20-foot bridge and that was what Nature Bridges wanted him to design. Once the design was complete, Mr. Parker forwarded it to Natures Bridges for construction pursuant to Nature Bridges' specifications. Id., 41:5-14.

35.     Mr. Parker testified that "my client was Nature Bridges" relevant to the Project and that he was contracted "to provide structural design services" for Nature Bridges. Id., 21:02-10.   Accordingly, Defendants' client relative to the Project was Nature Bridges, not Plaintiffs.

36.     Mr. Parker "spoke once" with Saket Chaudhari and exchanged some emails. Id., 21:14-22.

37.     At his deposition, Mr. Parker was questioned extensively concerning his involvement with permitting matters, geotechnical matters and their interplay with structural design, the considerations of designing and constructing a bridge foundation, his review of other drawings and plans as part of the Project. Id., e.g., 22:17-35:19.   Accordingly, the services provided by Defendants and Defendants' role within the Project was the subject of discovery in the Florida Action.

38.     Mr. Parker was not involved in obtaining environmental permits for the Project and testified that he didn't do the environmental permitting, did not receive the NJDEP permit and did not apply for it as "that wasn't [his] area." Id., 37:12-15.

7

39.     In March 2015, Mr. Parker was sent the March 2015 NJDEP Notice of Violation by Nature Bridges.  Id., 21:23-22:10; see also Certification of Matthew Parker dated June 2, 2023 ("Parker Cert."), ¶ 5.

40.     Nature Bridges directed Defendants to research the status of the March 2, 2015, NJDEP Notice.  See Parker Cert., ¶ 6; see also Sayles Cert., Ex. E, 56:07-56:14.

41.     In 2016, after the NJDEP Permit expired, Mr. Parker sent an email proposal to render services to Saket Chaudhari to address "various permitting issues that were outstanding."  See Sayles Cert., Ex. E, 51:25-52:08; see also Parker Cert., ¶ 8.

42.     Saket Chaudhari never accepted the proposal sent by Mr. Parker in 2016.  See Parker Cert., ¶ 8.

43.     Saket Chaudhari he never hired Matthew Parker or PCS to address the NJDEP Notice of Violation and testified that "I did not hire Matthew Parker to do that."  See Sayles Cert., Ex. F, 166:23-167:13.

44.     Saket Chaudhari identified Matthew Parker as a representative of Nature Bridges and responsible for "final verification of this bridge to ensure that it met all compliance." See Sayles Cert., Ex. D.72:05-9.

45.     In the Florida Action, Saket Chaudhari claimed that Nature Bridges was responsible for additional environmental permitting and that Nature Bridges and its

agents, including Defendants, were responsible for following up on the environmental permits Plaintiff obtained. Id., 85:04-20.

46.     Following a five-day trial in the Florida Action, Nature Bridges prevailed on its claims for breach of contract and non-payment against Saket Chaudhari.  See Sayles Cert., Ex. B.

47.     The court in the Florida Action subsequently entered a Supplemental Final Judgment for attorneys' fees and costs in favor of Nature Bridges.  See Sayles Cert., Ex. C.

48.     The Counterclaim in the Florida Action was dismissed during the trial. See Sayles Cert., Ex. D, 115-165; 165:08-13; see also Ex. C.

49.     The alleged improper conduct in the Florida Action against Nature Bridges is the same as the same improper conduct alleged against Defendants in the Amended Complaint.  See Amended Complaint; ¶¶ 10,11,13,15,18,19,20; see also SOF ¶¶ 15-28, *supra*.

50.      In the Florida Action, Saket Chaudhari testified that he believed the bridge structure to be defective, that the bridge structure needed to be removed, that he sought to have Nature Bridges pay for the cost of removal and return the money he paid and that he sought Nature Bridges pay to have the project and property re-permitted.  See Sayles Cert., Ex. D, 102:02-103:14.

51.     Defendants and Nature Bridges has a contractual relationship as subcontractor and contractor relevant to the Project.  <u>See</u> Amended Complaint, ¶ 13.

52.     Defendant and Plaintiffs never entered into any independent contractual relationship.  This is confirmed through Saket Chaudhari's testimony in 2018 that "I didn't hire Matthew Parker".  <u>See</u> Sayles Cert., Ex. F, 167:11-13.

                                        **MOREIRA SAYLES RAMIREZ LLC**

                                                  */s/ Andrew C. Sayles*
                              By:    _____
                                        Andrew C. Sayles, Esq.
                                        *Attorneys for Defendants Matthew*
                                        *Parker and Parker Consulting*
                                        *Services, Inc.*

Dated:  June 2, 2023