## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAKET CHAUDHARI AND SATYENDRA CHAUDHARI, <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW PARKER, PARKER CONSULTING SERVICES, INC., AND JOHN DOES (1-10)(representing unknown liable defendants), <br><br> Defendants. | Case No. 2:20-cv-01609-CCC-JSA <br><br> Electronically Filed <br><br> CERTIFICATION OF MATTHEW PARKER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

**I, Matthew Parker, hereby certify**:

1.   I am a professional engineer licensed in the State of Florida and was the owner of Parker Consulting Services, Inc. ("PCS"), at all relevant times.

2.   PCS was engaged by J.D. James, Inc., d/b/a Nature Bridges ("Nature Bridges") in or around January 2014 as a subcontractor to provide structural engineering and related services to Nature Bridges in connection with its contract with Saket Chaudhari for the construction of a residential bridge on a property in Fredon, New Jersey ("Project").  As part of PCS's engagement by Nature Bridges, I provided services to Nature Bridges on behalf of PCS.  As a result, I have personal knowledge concerning the facts set forth herein.

3.   Nature Bridges directed me and PCS to prepare structural drawings for a 12' x 20' residential driveway bridge.  Those structural drawings were subsequently prepared in March 2015 and provided to Nature Bridges.

4.   LAN Associates ("LAN"), a New Jersey engineer, was involved in obtaining the original environmental permitting for the Project and preparing a corresponding site plan.  In 2015, the New Jersey Department of Environmental Protection ("NJDEP") issued a Notice of Violation.

5.   Nature Bridges forwarded the NJDEP Notice of Violation to me in 2015.

6.   At the request of Nature Bridges, I attempted to contact LAN regarding the NJDEP Notice of Violation.  LAN did not respond in a timely manner despite time constraints associated with the NJDEP Permit and expiration. To assist Nature Bridges relevant to the Project, I was asked to research the issues associated with the NJDEP Notice of Violation and to report to the parties involved in the Project, including Saket Chaudhari and Nature Bridges, concerning the status of the Notice of Violation. At that time, the permits obtained by Saket and/or Satyendra Chaudhari had expired, subsequent to issuance of the NJDEP Notice of Violation.

7.   On or about March 16, 2016, I issued an invoice to Saket Chaudhari in the amount of $750 corresponding to time expended by me and/or PCS at the request of Nature Bridges researching the Notice of Violation issued by the NJDEP.

8.   On or around March 16, 2016, I also issued a proposal for additional future services to Saket Chaudhari.  Specifically, PCS offered to assist Saket Chaudhari in efforts to reinstate the expired NJDEP permits.  A proposal for additional services was required because the actions needed to reinstate the expired NDJEP permits beyond the scope of PCS's retention with Nature Bridges and because Defendants had not been independently engaged by Saket Chaudhari for such services at that time. Saket Chaudhari never accepted the proposal and never made payment in response to the proposal.

9.   Saket Chaudhari never made payment in response to the invoice of $750 for research services provided at the direction of Nature Bridges.

I certify under penalty of perjury that the foregoing is true and correct. Executed on June

2, 2023.

Matthew Parker