# EXHIBIT C

Case 2:20-cv-01619-CCC-JSA   Document 39-47   Filed 06/02/23   Page 2 of 8 PageID: 1394

Inst. Number: 201933000801 Book: 766 Page: 409 Page 1 of 7 Date: 4/3/2019 Time: 9:24 AM
Kirk Reams Clerk of Courts, Jefferson County, Florida

Filing # 86096021 E-Filed 03/08/2019 12:29:27 PM

Inst: 201933000801 Date: 04/03/2019 Time: 9:24AM
Page 1 of 7 B: 766 P: 409, Kirk Reams, Clerk of Court Jefferson, County, By: CG
Deputy Clerk

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR JEFFERSON COUNTY, FLORIDA

J.D. JAMES, INC. D/B/A
NATURE BRIDGES,

CASE NO.: 17000162CA

Plaintiff/Counter-Defendant,

v.

SAKET CHAUDHARI,

Defendant/Counter-Plaintiff.

_____/

## FINAL JUDGMENT FOR ATTORNEYS' FEES AND COSTS

THIS CAUSE, having come before the Court on Plaintiff/Counter-Defendant, J.D. James, Inc. d/b/a Nature Bridges' ("Nature Bridges") Motion for Attorneys' Fees and Taxation of Costs ("Motion") for a duly noticed evidentiary hearing on February 13, 2019, and the Court, having heard the evidence presented and the arguments of counsel, having reviewed the case file and being otherwise duly advised in the premises, makes the following factual findings and legal conclusions and renders judgment thereon as follows:

### FINDINGS OF FACT AND LEGAL CONCLUSIONS

Plaintiff/Counter-Defendant Nature Bridges was determined to be the prevailing party in the Court's Final Judgment entered in favor of Nature Bridges and against Defendant/Counter-Plaintiff Saket Chaudhari on November 15, 2018, with the Court reserving jurisdiction to consider a motion pursuant to Rule 1.525. Nature Bridges timely filed its Motion for Attorneys' Fees and Taxation of Costs with an accompanying affidavit setting forth attorneys' fees and costs incurred through November 30, 2018, and reserving the right to supplement for future attorneys' fees and costs incurred. The finding of Plaintiff to be the prevailing party entitled Plaintiff to its attorneys' fees pursuant to the contract between the parties, which provides that the prevailing party is entitled



EXHIBIT C



CERTIFIED TRUE AND CORRECT COPY
KIRK B. REAMS
CLERK OF CIRCUIT COURT
JEFFERSON COUNTY, FLORIDA
BY: _____
9/10/19

to recover from the other party all reasonable costs and expenses including attorneys' fees, incurred by the prevailing party in connection with such litigation.

At the duly noticed hearing held on February 13, 2019, Nature Bridges submitted into evidence: (1) Exhibit A: billing records from Smith, Currie & Hancock, LLP through November 2018, reflecting attorneys' fees and costs, reflecting hourly rates for each timekeeper and hours billed, that were incurred in the representation of Nature Bridges in this case through November 2018; (2) Exhibit B: the billing records from Smith Currie & Hancock LLP for December 2018 through January 2019, reflecting hourly rates for each timekeeper and hours billed, that were incurred in the representation of Nature Bridges in this case through January 2019, as well as hourly rates and hours unbilled but incurred for February 2019, including preparation for and attendance at the fee hearing, and a summary of the same with hourly rates and hours worked; (3) Exhibit C: a summary of hours, hourly rates, and attorneys' fees claimed by Nature Bridges from May 2016 through February 2019, as well as a reflection of an "effective rate" for timekeepers taking into account no charge hours for the period of May 2016 through November 2018; and (4) Exhibit D: summaries of the taxable costs incurred by Nature Bridges in this action, with reference to the portions of the Uniform Guidelines for Taxation of Costs and invoices for the costs incurred. Exhibits A through D were accepted into evidence by the Court without objection by Defendant Saket Chaudhari.

Nature Bridges further presented testimony as to the reasonable amount of hours and reasonable hourly rates for attorneys' fees sought through its expert witness Mr. Davisson Dunlap, III. Mr. Dunlap testified that in preparation of his opinion he reviewed Smith Currie billing records and information reflected in Exhibits A, B and C; reviewed the case file, including pleadings, discovery, depositions and correspondence; and discussed the litigation and trial services provided

by Smith Currie and the attorneys providing such services with Nature Bridge's counsel. Mr. Dunlap testified that he was familiar with the rate charted in the community by lawyers of reasonably comparable skill, experience and reputation for similar services, as well as the applicable law regarding the criteria and factors used to determine a reasonable attorneys' fee, including Florida Patients Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985) and Rules Regulating the Florida Bar Rule 4-1.5. Mr. Dunlap testified that in his opinion the hourly rates billed by Nature Bridges' counsel[1] as reflected in Exhibits A, B, and C were in accord with the prevailing market rate charged in the community, and that the number of hours reasonably expended on the litigation was consistent with the records of work done and time spent by Smith Currie as reflected in Exhibits A, B, and C. Mr. Dunlap also observed that Smith Currie's billing records reflected the exercise of billing discretion, and that not all hours worked by Smith Currie were billed to Nature Bridges, resulting in an effective hourly rate per timekeeper as set forth in Exhibit C that was far less than the prevailing market rate. Mr. Dunlap did not find any of the hours billed to be unnecessary or excessive.

Using the factors set forth in Rowe and Rules Regulating the Florida Bar Rule 4-1.5, Mr. Dunlap concluded that the number of hours reasonably expended, totaling 471.3 hours, multiplied by a reasonable hourly rate (in this instance a composite rate of $292.48 per hour for the 445.6 hours billed from May 2016 through November 2018 and $300.00 per hour for the additional 25.7 hours worked after November 2018) resulted in a lodestar of $138,037.50 which in his opinion was reasonable, and formed an objective basis for an award of attorneys' fees in this matter. Mr.

---

[1] Mr. Dunlap testified that with respect to attorneys of comparable skill, experience and reputation in the community, for similar services to Nature Bridges' lead counsel, who has practiced since 1999 and has been a Board Certified Construction lawyer since 2008, is between $300 and $375 an hour.

3

Dunlap did not find any of the hours billed to be unnecessary or excessive and concluded that the requested attorneys' fees of $138,037.50 constituted a reasonable attorneys' fee.[2] Mr. Dunlap further testified that his own testimony was not gratuitous and that he had the expectation to be paid for the 20.1 hours he expended in preparing for and providing his opinion testimony as an expert witness at the fee hearing at his hourly rate of $300.00 an hour, and that his hourly rate and the total hours expended resulted in a reasonable fee of $6,030.00 was reasonable. Counsel for Defendant did not cross examine Mr. Dunlap and Defendant did not present any expert witness testimony.

The Court finds that Nature Bridges has presented competent substantial evidence of the reasonableness a reasonable attorneys' fee in this litigation. Although Defendant Chaudhari argued that the amount billed "seemed excessive," Defendant did not forward any testimony and failed to point with specificity any hours that he believed should be deducted. See generally, Centex-Rooney Constr. Co. v Martin Cty., 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999) ("the opponent of the fee has the burden of pointing out with specificity which hours should be deducted"). Here, the billing records presented by Nature Bridges appeared reasonable, and based on the evidence presented by Mr. Dunlap and the Court's own involvement in the five-day jury trial of this matter, were not excessive or unnecessary. The Court observes that while Plaintiff's claim was a smaller, less complex contract dispute that could have been tried in less than a day, Defendant's affirmative defenses and counterclaim significantly increased the complexity of the case. While Plaintiff's final judgment from the jury was for $7,500, it successfully defended against the affirmative

---

[2] As noted in Mr. Dunlap's testimony, the attorneys' fees included consideration of the time devoted by counsel's legal assistants as required under section 57.104, Florida Statutes. See Whitlow v. S. Georgia Nat. Gas Co., 650 So. 2d 637 (Fla. 1st DCA 1995) (requiring consideration of time devoted by legal assistants as required under section 57.104, Florida Statutes).

4

Inst. Number: 201953000801 Book: 766 Page: 413 Page 5 of 7 Date: 4/3/2019 Time: 9:24 AM

Case 2:20-cv-01609-CCC-JSA Document 39-7 Filed 06/02/23 Page 6 of 78 PageID: 1433

defenses and counterclaim that had Defendant claiming close to a $1 million in damages. There was no dispute by Chaudhari over the hourly rates charged by Nature Bridges' counsel, which the Court concludes to be reasonable and in accordance with the prevailing market rate for such services. Based on the evidence presented and the applicable law, the Court concludes that Nature Bridges has met its burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable, and that the following reflects the reasonable number of hours and hourly rates incurred by Nature Bridges in this matter:

| Attorneys' Fees May 2016-November 2018 | | $130,327.50 |
|---|---|---|
| Total Hours | 445.6 | |
| Composite Rate | $292.48 | |
| | | |
| Attorneys' Fees December 2018-January 2019 | | $3,330.00 |
| Total Hours | 11.1 | |
| Rate | $300.00 | |
| | | |
| Attorneys' Fees February 2019 | | $4,380.00 |
| Total Hours | 14.6 | |
| Rate | $300.00 | |

Total $138,037.50

The Court further finds that Nature Bridges is entitled to prejudgment interest in the amount of $1,957.50 on the attorneys' fees to be awarded and costs to be awarded, with the date of such prejudgment interest running from the date entitlement was determined.[3] See Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So. 2d 929 (Fla. 1996). In addition, Nature Bridges is entitled to recover the fee for its expert witness, Mr. Dunlap in the amount of $6,030.00 pursuant to section 92.231, Florida Statutes, and Rock v. Prairie Bldg. Solutions, Inc., 854 So.2d 722 (Fla.

---

[3] The prejudgment interest is applied to attorneys' fees and costs incurred as of the date of entitlement (11/15/2018) at the statutory rate of 6.09% per annum, $21.75 per day x 90 days. The prejudgment interest is applied to costs from the date of entitlement (11/15/2018) at the statutory rate of 6.09% per annum, $1.95 per day x 90 days.

5

2d DCA 2003) (award of expert witness fee not discretionary when expert expects to be paid for testimony), for which the Court accepts the witness' testimony that 20.1 hours were expended and that the rate of $300.00 is reasonable.

Pursuant to section 57.041(1), Florida Statutes, "the party recovering judgment shall recover all his or her legal costs and charges . . . . ." Taxation of costs is permitted for those costs necessary, reasonable and related to the preparation and trial of the cause, utilizing the principles of the Florida Supreme Court's Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. With regard to the taxable costs claimed by Nature Bridges in this action, Nature Bridges submitted into evidence Exhibit D which set forth its taxable costs with reference to the Uniform Guidelines for Taxable Costs, and included invoices for the costs incurred. No objections to these taxable costs were raised by Defendant. The Court concludes that based on the evidence presented Nature Bridges' taxable costs are uncontested, all categories of costs sought are either classified as costs that should be taxed or costs that may be taxed, and the Court finds that these costs should be taxed against Defendant in the amount of $11,709.10.

## FINAL JUDGMENT FOR ATTORNEYS' FEES AND COSTS

Based on the foregoing, judgment is entered in favor of Plaintiff/Counter-Defendant J.D. James, Inc. d/b/a Nature Bridges, 1586 Seven Bridges Road, Monticello, FL 32344, against Defendant/Counter-Plaintiff Saket Chaudhari, 54 Corey Road, Flanders, NJ 07836, social security number not known, and J.D. James, Inc. d/b/a Nature Bridges, shall recover from Saket Chaudhari the following: the sum of $138,037.50 in reasonable attorneys' fees and costs incurred at the trial level (comprised of $130,327.50 through November 2018 and $7,710.00 incurred December 2018 through February 13, 2019); plus prejudgment interest from the date of entitlement of November 15, 2018, as to attorneys' fees and costs for a total prejudgment interest amount of $2,133.33; plus

6

Inst. Number: 201933000801 Book: 766 Page: 415 Page 7 of 7 Date: 4/3/2019 Time: 9:24 AM

Case 2:20-cv-00160-CCC-JSA Document 39-7 Filed 06/02/23 Page 8 of 8 PageID: 1450

$6,030.00 for the fees of Nature Bridges's expert witness; plus costs of $11,709.10; for a total amount of this judgment of $157,909.93, to which statutory post-judgment interest at the rate of 6.33% per annum applies from the date of rendition of this judgment until paid in full or otherwise satisfied, and for all of the foregoing judgment amount let execution issue forthwith.

It is further ordered and adjudged that Defendant/Counter-Plaintiff Saket Chaudhari, as judgment debtor, shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney within 45 days from the date of this Judgment for Attorneys' Fees and Costs, unless the final judgment is satisfied or post-judgment discovery is stayed. Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtors to complete form 1.977, including all required attachments, and serve it on the judgment creditor's attorney.

DONE and ORDERED in Chambers at Jefferson County Courthouse, in Monticello, Jefferson County, Florida, this 7th day of ~~February~~ *March*, 2019.

DAWN CALOCA-JOHNSON
CIRCUIT JUDGE

Copy furnished by e-service to:

S. Elysha Luken, Counsel for Plaintiff
seluken@smithcurrie.com
jfrometa@smithcurrie.com

Robert A. Harper, III, Counsel for Defendant
gus@harperlawyer.com
jesusg@harperlawyer.com

7